## HOWELL, agent, *et al.* v. MAINE & COMPANY.

1. When an order for the purchase of goods is signed by the contemplating purchaser, and contains certain stipulations intended to become binding upon the purchaser, but makes express provision that it is given subject to approval by the person to whom addressed, the order does not become binding as a contract until approved and accepted by the contemplated vendor.

(a) In such case, if the written order, which specifies upon its face a list of articles of stated prices, and which contains certain stipulations intended to be binding upon both parties, be signed by the contemplating purchaser and delivered to the salesman of the contemplated vendor upon the express understanding that only a part of the goods specified in the order are to be purchased, and the salesman agrees so to alter the written order as to eliminate all of the articles except the part agreed to be purchased, and if the agent, at the time of sending the order on for approval, notifies his principal that the written order is to be so modified, and the principal approves the order for the less amount only, the contract would be binding only for the less amount. It was therefore erroneous for the court to strike a plea of the defendant to a suit for the purchase-price of the goods, which plea set forth that the vendors had shipped goods to the extent of the larger amount, and that he refused to accept them, on account of facts substantially as above set forth.

(b) Upon the defense above indicated, the letter and testimony referred to in the 4th and 5th grounds of the amended motion for new trial were admissible in evidence.

2. Until proof of agency is made, the sayings of an alleged agent are inadmissible. There was no foundation laid for the introduction of the evidence referred to in the 6th ground of the amended motion for new trial, and the court's ruling in that respect was not erroneous.

Submitted July 18, 1906.—Decided February 14, 1907.

Complaint.    Before Judge O'Steen.    City court of Douglas. December 7, 1905.

The suit was upon an open account for the price of certain jewelry, amounting to $180, furnished in pursuance of a written order, signed by the defendant, and addressed to the plaintiffs at Iowa City, Iowa, containing, among other stipulations, the following: "This order is subject to approval at Iowa City, Iowa." At the appearance term the defendant filed an answer denying the allegations of the petition, but set up that the defendant had given an order for a less quantity of goods, and that instead of filling that order, a larger order of goods was shipped, and, upon its arrival at the place of destination, the defendant refused to receive them from the common carrier, on account of the variance above stated. At the next term of the court, the defendant offered to amend his plea as follows: "1. That at the time A. T. Howell, agent, signed the said order and contract of the plaintiffs, L. Brown, Jr., salesman of the plaintiffs, who solicited the order from these defendants, as well as said A. T. Howell, agent, were each in a very great hurry, and said Howell only agreed and consented to sign said order upon the representations on the part of the said agent and salesman that he would mark out $100 worth of the most costly jewelry, and that he would only report to the W. F. Maine & Co. an $80 order. 2. That the said salesman and said Howell went over the list rapidly, and Howell told the said salesman to leave out specified articles, and the salesman then and there, before the order was signed, agreed and promised to leave out enough of the class of articles agreed upon to amount to $100, and to only report an order for $80. 3. That said salesman reported to the plaintiffs, W. F. Maine & Co., that although A. T. Howell, agent, had signed a $180 order, he had agreed to ship to him only an $80 assortment; and that under the contract made by him, L. Brown, Jr., with this defendant, only an order for an $80 assortment was reported for approval. 4. That the order signed by said Howell specified that it was not binding upon the plaintiffs in this case until approved by them at Iowa City, Iowa. 5. That the said W. F. Maine & Co. approved said order, not for the $180 assortment, but only for the $80, and notified these defendants that they had approved the order for $80, and that they would ship the $80 assortment. 6. That although the order signed by said Howell was in writing, and even

if the said salesman had no right to agree to reduce said order to an $80 order, and if the said W. F. Maine & Co. were not bound by this agreement made by their salesman, after their salesman reported his promise and agreement to reduce said order to an application for an $80 assortment to Maine & Co. and after they accepted the order for an $80 assortment, and approved and ratified the promise and agreement made by their said salesman, then that they became bound to only ship to these defendants an $80 assortment. 7. That the said paper signed by said Howell was only an application for jewelry, and was not binding upon W. F. Maine & Co. until approved by them, and for this reason it was not binding upon these defendants until approved by the plaintiffs. 8. That W. F. Maine & Co. did not approve said application for $180 assortment, but only approved it for an $80, and for this reason a valid, binding contract and agreement was only made by and between these plaintiffs and defendants for the sale and purchase of an $80 assortment. 9. That even though the said salesman had not agreed to reduce the order signed to an $80 order, and even if the said W. F. Maine & Co. had never consented to such promise and agreement made by their said salesman and agent, then and in that event these plaintiffs would not have become bound for the purchase of any larger order than was approved by the said defendants, and for this reason they would not be bound for more than an $80 assortment. 10. That for these reasons, after the defendants became bound for not more than an $80 order, and after the plaintiffs became bound to sell not more than an $80 assortment, then that these defendants had a right to refuse to receive and pay for more than an $80 assortment, and after a different assortment was shipped they had a right to refuse to accept it. 11. That even if the said defendants were bound to accept the $180 assortment, provided it was approved by the plaintiffs, in spite of the promise on the part of the said salesman to reduce it to an $80 assortment, and even though the said application, by ratification or otherwise, was never reduced to an $80 application, then and in that event these defendants had a right to refuse to accept an $80 assortment after the plaintiffs failed and did not approve said order for $180 assortment. That because of said above detailed facts, these defendants in no way ever became bound and liable to the said plaintiffs, W. F. Maine & Co., for any amount what-

ever." The court refused to allow the amendments; and to this the defendant excepted. A verdict in favor of the plaintiffs for $180 was directed by the court; and this and other rulings are complained of in the defendant's motion for a new trial, to the re- fusal of which he excepted.

In the 4th ground of the amended motion for new trial it is complained that the court excluded from evidence a letter from the plaintiff to the defendant, which the defendant sought to in- troduce, as follows: "We have filled your order for one of our $80 assortments, show-case and table goes forward by freight, and jew- elry follows by express. Upon receipt of the consignment we would be pleased to have you write us as to whether the goods have been received safely, how you like the appearance of the goods, etc. Wishing you success and awaiting your further pleasure, we re- main," etc. In the 5th ground it is complained that the court re- fused to allow A. T. Howell, a witness for the defendant, to tes- tify as follows: "At the time I signed the said order, and before I signed it, I told the agent and salesman of Maine & Co. that I would not sign the said order unless he would mark and change the order from a $180 order to an $80 order, and he agreed to do this. I went over the list hurriedly with him, and he promised to leave off and mark from the order enough of the most costly articles to amount to $100, and leave the order for only $80. We agreed upon the jewelry to be left off, and he was to make the calculation and leave off enough to make the reduction to an $80 order. We were both in a great hurry, and I only signed the order upon the said representations made by the said salesman." In the 6th ground it is complained that the court refused to allow the same witness to testify as follows: "Before this claim now sued upon was ever presented to me by the present attorneys for W. F. Maine & Co., one Mr. Walker, an attorney at law, presented the claim to me and asked me to pay it, and I refused, and he then told me that he would take charge of the jewelry and realize all that he could out of the jewelry for the said W. F. Maine & Co.; and I told him that he could get the jewelry from the transportation company if they had not shipped it back, and that I did not want it at all, and for him to sell it and get all he could possibly realize out of it for the company."

37

*Lankford & Dickerson,* for plaintiff in error.

*Quincey & McDonald,* contra.

ATKINSON, J. 1. Under the view we take of this case, the written contract would not be complete until approved and accepted by the plaintiffs at their home office in Iowa City. That being true, it was competent for the defendant to plead and prove the things alleged in the amendment to the plea. If the defendant as a matter of fact contracted with the salesman of the plaintiffs for an $80 order only, and signed the order which contained the list of articles valued at $180, but upon the understanding that the agent should mark off so many of the articles as to reduce the order to an assortment of $80, it being agreed at the same time that the order should not constitute a contract until approved and accepted by the principals; and if the agent reported these agreements to the principals at the time of sending in the order, so as to give them information before acting upon the order; and the principals, with notice of such facts, did not approve the order for $180 worth of jewelry, but approved it for $80 worth, it would only be a binding contract for that amount. The proposed amendment to the plea having set forth in substance that all of these matters occurred in the manner stated, it was erroneous for the court to refuse to allow the same. From what has been said it is evident that the court also committed error by refusing to admit in evidence the letter referred to in the 4th ground of the amended motion for new trial, and likewise the testimony of Howell, as referred to in the 5th ground of the amendment.

2. The testimony of the witness Howell which is referred to in the 6th ground of the amended motion for new trial would have been admissible had the proper foundation been shown therefor. Before the matters referred to therein would be admissible, the burden would be upon the defendant to show affirmatively that the attorney Walker was the representative of the plaintiff, with authority to act. There was no evidence to show any such relation between the attorney Walker and the plaintiffs, and it would have been proper for the court to exclude this evidence upon that ground.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*