### 317.  CABLE COMPANY *v.* HANCOCK.

1. If a traveling salesman, who has no authority to close a sale, takes from a prospective purchaser a written contract agreeing to buy an article on named terms and conditions, but by stipulations in the writing the contract is subject to the approval of the agent's principal, the writing amounts to a mere offer, and is unilateral, until the approval contemplated has been duly made.

2. In such a case, if the contract relates to "goods, wares, or merchandise to the amount of $50 or more," and is therefore within the purview of the statute of frauds, the approval contemplated must be in writing before the contract becomes mutual.

3. In such a case the offer may be withdrawn at any time before the contract has become mutual.

Complaint, from city court of Athens—Judge Cobb.  June 29, 1906.

Argued May 6,—Decided May 24, 1907.

The plaintiff's traveling salesman induced the defendant to buy a piano, but the salesman did not have the authority to make a binding contract of sale. He took, however, a written instrument, signed by the defendant, reciting that the plaintiff had agreed to sell him a described piano for a given sum, to be paid at named dates in the future; the condition being annexed that the title should remain in the seller until paid for. It was expressly recited, how-

ever, that the contract was subject to the approval of the plaintiff
The piano was already in the defendant's custody, having been pre-
viously left with him on trial. The salesman carried the contract
at once to the plaintiff's office, and turned it over to the manager
in charge, who stated that it was satisfactory; that the company
would accept it. The contract was then delivered to the bookkeeper,
who entered it on the books. Afterwards, on the same day, the
defendant by telephone told the plaintiff's manager, at its office,
that he had decided to cancel the order. The manager replied that
he had already placed the contract on the books, and that he could
not accept a cancellation. No written approval or acceptance of the
contract was shown. The defendant tendered back the piano, re-
fusing to recognize the contract. The plaintiff sued on the con-
tract. The piano was worth more than $50. The trial judge
directed a verdict for the defendant, and the plaintiff excepted.

*Thomas F. Green, John J. Strickland,* for plaintiff.

*Erwin & Erwin,* for defendant.

POWELL, J. (After stating the foregoing facts.) The usual
and implicit power of a traveling salesman is merely to take or-
ders, offers to buy, and not to make completed contracts of sale.
Such was the fact in this case. Even in the absence of a condition
in the written instrument itself requiring approval or acceptance
by the principal, the law would have implied such a condition in
the transaction. The writing (although in form, save only for
the clause requiring approval, a binding contract) needed some-
thing to make it complete, viz., the acceptance of its terms by the
opposite party; for, until the opposite party agreed to sell on the
terms in the writing mentioned, the promisor's agreement to buy
and to pay was without consideration. Until the owners of the
piano made a valid promise to sell, the consideration contemplated
for the promise to buy and to pay was unilateral, and amounted
only to a mere offer. This principle is now so well established by a
large volume of authority as not to require specific citations.

2. The price of the piano was more than $50, and therefore
the transaction was within the purview of the statute of frauds,
and no oral approval or acceptance of the contract by the seller
would render it binding on him. Until the seller became bound to
the contract by a writing, or by some act which would take the

transaction out of the statute of frauds, the buyer could not have held him to its terms; and it therefore was lacking in the essential element of mutuality. *Sivell* v. *Hogan,* 119 *Ga.* 171, 46 S. E. 67. Delivery of the piano under the contract, and acceptance thereof by the buyer, would have been sufficient to make the contract complete. The buyer's custody of the piano under the circumstances stated, however, did not have this effect. Compare *Loyd* v. *Wight,* 20 *Ga.* 574, 65 Am. Dec. 636 s. c. 25 *Ga.* 215; *Brunswick Grocery Co.* v. *Lamar,* 116 *Ga.* 1, 42 S. E. 366.

3. Until the contract became mutual, the buyer had the right to withdraw his assent. Therefore he had the right to withdraw it at any time before the seller entered his written approval. He exercised this right, and the verdict directed in his favor was therefore demanded. See *Sivell* v. *Hogan,* 119 *Ga.* 173, 46 S. E. 67; *Atlanta Buggy Co.* v. *Hess Spring Co.,* 124 *Ga.* 338, 52 S. E. 613, 4 L. R. A. (N. S.) 431.

*Judgment affirmed.*