### 1187.   McDONALD v. PEARRE BROTHERS & COMPANY.

1. A principal is bound by the acts of his agent within the scope of the agent's apparent authority.   Authority to do an act clothes the agent with apparent authority to do those things that are usual and necessary for the accomplishment of the act authorized.

(a) Where it is a custom of wholesalers to effect insurance on goods shipped by them, when requested or instructed so to do by their customers, an ordinary drummer or commercial traveler, who by the terms of his employment is authorized to receive and transmit orders but not to close contracts, has apparent authority to receive and transmit instructions as to effecting insurance on goods ordered through him.

2. Before delivery to the carrier will convert the carrier into the agent of the consignee, the delivery must be made in the manner specified and in accordance with the instructions of the consignee.

(a) Where a merchant, in ordering goods, directs that they be shipped by sea insured, and the goods are shipped by sea uninsured,

the carrier receiving the goods is not the agent of the consignee, especially where it is a custom of the trade for goods to be shipped insured when instructions are given to that effect.

3. Where goods are ordered shipped by sea insured, and they are shipped by sea uninsured, and are lost, the loss must be borne by the consignor, unless he can recover from the carrier.

Complaint—appeal, from Liberty superior court—Judge Seabrook. February 17, 1908.

Argued July 15,—Decided November 10, 1908.

The plaintiffs are members of a firm engaged in the business of selling goods at wholesale at Baltimore, Maryland. The defendant was a retail merchant living at Johnson Station in this State. The plaintiffs' agent, an ordinary drummer, with authority only to solicit orders and transmit them to his principal, and without any authority to make a binding contract, took the defendant's order for a certain lot of merchandise. The goods were to be shipped by steamer from Baltimore to Savannah. They were shipped on the steamer Lawrence, and were supposedly lost at sea; at least there is no proof that the goods were ever delivered to the defendant. The plaintiffs sued the defendant for the purchase-price of the goods. He defended on the ground that he instructed the plaintiffs' agent, in connection with the giving of the order, to have the goods insured, and that the goods were shipped uninsured. The trial judge held, as a matter of law, that this did not make out a defense, and directed a verdict for the plaintiffs. The defendant himself and two other witnesses offered to testify that the agent was instructed to have the goods insured. The plaintiffs testified that when the order was received by them, it said nothing about insurance, and so they shipped the goods uninsured. The plaintiffs, however, as to their custom in the matter of having goods insured, testified as follows: "We have had marine insurance taken out on goods for customers when it was requested by the customer. We have done this only upon personal request by them, or by letter and at their expense. It is our custom, when any of our customers request it, to have goods insured and charge them with the premium. It is a custom of trade, with wholesale dealers, to insure the goods ordered from them and shipped by boat, when such customers so direct. If Mr. McDonald had directed that goods be insured and we had had knowledge of such direction, we would have insured the goods and charged Mr. McDonald with

the premium; but inasmuch as no such directions were received by us from him, or through any other channel, we did not put him to this additional expense without his assent and authority." The drummer was not produced as a witness. It seems, however, that in certain instances the orders which were sent in by the traveling salesmen of the plaintiffs contained instructions as to insurance. The plaintiffs' shipping clerk testified that the goods were not insured, "as the order did not call for insurance, and we never insure unless so directed."

*Donald Fraser*, for plaintiff in error.

*Stubbs & Chapman*, contra.

POWELL, J. 1. The controlling question in this case is one of agency. Was the agent authorized to receive, on behalf of his principal, instructions as to having insurance effected on the goods? If so, of course the plaintiffs are bound by those instructions, just as if they had had personal knowledge thereof. The undisputed evidence shows that the agent was an ordinary drummer or commercial traveler, with authority only to solicit and transmit orders for goods, and with no authority to make any contract binding on his principals. Express authority to do an act includes, as incidental thereto, authority to do those things which are usual or necessary to accomplish effectually the act expressly authorized. Civil Code, §§3023 et seq.; Huffcutt on Agency, 137. "A traveling salesman, like other agents, has implied authority to do all acts or make all contracts that are reasonably necessary and proper, or usually done or made by other agents in the same or similar line of business." 1 Clark and Skyles on the Law of Agency, §244. It would seem, therefore, to follow that an agent with the authority to solicit and transmit orders for goods would have authority to receive and transmit therewith instructions as to the time and manner of shipping the goods. Suppose the purchaser in this very case had instructed the drummer to ship the goods by land, and in transmitting the order the drummer had said nothing as to the route, and the goods had been shipped by steamer, and had been lost, or that he had directed shipment by freight, and shipment had been made by express, or that he had directed shipment at a certain time and the agent had not transmitted the instructions as to the time of shipment, and the seller had shipped at another time; could it be plausibly contended that

the agent exceeded his authority in receiving the instructions as to the manner, method, and time of shipment, and that, therefore, the seller was not bound thereby? It could hardly be said that the agent had authority to take orders for goods, but had no authority to take instructions as to the time and manner of shipment. Authority to do the one includes authority to do the other. We fail to see any material difference between the time of shipment, or the route, and the matter of having the goods insured. Instructions as to the time and route of shipment are no more important, nor do they go any more to the root of the transaction, than instructions as to effecting insurance. Certainly where the evidence shows a custom on the part of the seller to insure when directed or requested so to do by the purchaser, it would be unreasonable to say that the purchaser must give his order to the agent and then adopt some other method of communicating his instructions or his wishes as to having insurance effected on the shipment. Indeed, it seems that the usual way for the purchaser's instructions to be communicated as to this very matter is through the drummer; for the plaintiff's own shipping clerk testified that he did not have insurance effected on the goods because the order did not so specify. The instructions given to the drummer are just as effectual to bind his principals as if he had transmitted such instructions. The familiar rule that an agent with authority only to solicit orders has no implied authority to sell and collect (1 Am. & Eng. Enc. of Law (2d ed.), 1016) has no application here. The defendant's case rests not on the proposition that the agent had authority to make a contract of insurance on the goods, but on the proposition that he had authority to transmit instructions as to having insurance effected on them. He was not acting as the agent of the purchaser, so far as these instructions were concerned. The only offer made by the purchaser was to take goods on condition that they be insured; the condition was a part of the offer, and the seller could not accept the offer without complying with the conditions annexed to it. There was no complete contract until the seller accepted the offer transmitted by the drummer; and the offer could be accepted only as it was given. *Howell* v. *Maine*, 127 *Ga.* 574 (56 S. E. 771); Civil Code, § 3645.

2. The remaining question in the case is whether the plaintiff's failure to effect insurance on the goods as instructed throws the

loss on them. In order to convert the carrier into the agent of the consignee, the goods must be delivered to the carrier in the manner specified by the consignee. 1 Mechem on Sales, §746 et. seq.; Burdick on Sales (2d ed.), §275. If there is a material variation as to route, time, place, or manner of delivery to the carrier, the consignee is not bound thereby, and the carrier is the agent of the consignor. Graves v. Legg, 9 Exch. 709; Wheelhouse v. Parr, 141 Mass. 593 (6 N. E. 787); Corning v. Colt, 5 Wend. (N. Y.) 253; Jones v. Schneider, 22 Minn. 279; Woodruff v. Noyes, 15 Conn. 335; Erwin v. Harris, 87 Ga. 333 (13 S. E. 513). When, therefore, the purchaser orders the goods shipped insured, and they are delivered to the carrier uninsured, and are lost in transit, the loss must be borne by the seller, unless he can recover from the carrier. New York Tartar Co. v. French, 154 Pa. St. 273 (26 Atl. 425); Burdick on Sales (2d ed.), §280; 1 Mechem on Sales, §749. The judge erred in holding that the defense is legally insufficient.          *Judgment reversed.*