## 1811.  CLARK CO. v. NEEDHAM PIANO AND ORGAN CO.

The court erred in excluding from the jury a material defense raised by the defendant's answer.

Complaint, from city court of Fitzgerald—Eldridge Cutts, judge pro hac vice. March 6, 1909.

Submitted May 21,—Decided July 6, 1909.

*Ryman & Wall,* for plaintiff in error.

*Clayton Jay, O. H. Elkins,* contra.

POWELL, J. The case on its face is so substantially similar to that of *McDonald* v. *Pearre,* 5 *Ga. App.* 130 (62 S. E. 830), as to be generally controlled by it. The judge pro hac vice, in his charge, which for the most part was a very fair and lucid exposition of the law governing the case, substantially followed the rule there announced. However, we think he did the defendant one injustice. The president of the defendant company testified to giving the plaintiff's agent oral instructions as to the route of shipment; he also testified that he had written direct to the plaintiff a letter containing similar instructions; and that the shipment had been made otherwise. The plaintiff denied having received the written instructions; there was no denial as to the oral instructions. The court construed the defendant's answer and the amendments thereto as pleading only a violation of the written instructions, and in his charge to the jury limited the issues accordingly and excluded from their consideration all question as to the violation of the oral instructions. After carefully reading the answer and the amendments and noting also what portions were stricken, we think that the defendant pleaded a breach of both the oral and the written instructions, and that the court erred in restricting the jury in the respect indicated. Even if an allegation of written instructions were inconsistent with an allegation of oral instructions also (though the two things are not inconsistent), it must still be remembered that a defendant has the statutory right to file inconsistent pleas.          *Judgment reversed.*