11062.   HAYNES-HENSON SHOE CO. *v.* BROWN & BROWN.

SMITH, J.   1. "If a traveling salesman, who has no authority to close a sale, takes from a prospective purchaser a written contract agreeing to buy an article on named terms and conditions, but by stipulations in the writing the contract is subject to the approval of the agent's principal, the writing amounts to a mere offer, and is unilateral, until the approval contemplated has been duly made." *Cable Company* v. *Hancock*, 2 *Ga. App.* 73 (58 S. E. 319).

2. "In such a case, if the contract relates to 'goods, wares, or merchandise to the amount of $50 or more,' and is therefore within the purview of the statute of frauds, the approval contemplated must be in writing before the contract becomes mutual." *Ib.*

3. "A signed a writing agreeing to deliver to B, at a time and place stated, and at a price named, goods exceeding in value $50.   B did not agree in writing or otherwise, either at the time the above paper was signed or thereafter, to pay for the goods.   The time for delivery passed without B doing anything to bind himself to pay for the goods. After that date B tendered the price and demanded the goods.   *Held*, that B could not maintain against A an action for damages for failure to deliver at the time and place fixed in the writing.   The right of B to demand an enforcement of the obligation depended upon his doing some act, prior to the time fixed for delivery, which would bind him to pay in the event of delivery." *Sivell* v. *Hogan*, 119 *Ga.* 167 (4) (46 S. E. 67).

4. From undisputed evidence in this case it appears that the defendants never signed any written agreement for the purchase of the goods in dispute, so as to bring the transaction within the requirements of the statute of frauds, nor does it appear that the plaintiff ever entered into any written agreement to sell the goods.   Under the circumstances there was no legal, binding contract, and a verdict was demanded in favor of the plaintiff.   The court therefore erred in overruling the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 10, 1920.

Complaint; from Fayette superior court—Judge Searcy.   October 23, 1919.

Haynes-Henson Shoe Company sued Brown & Brown for a balance alleged to be due on an open account.   The defendants admitted that they owed the account, but pleaded that they were

entitled to damages in the sum of $320 for the breach of an alleged contract for the sale of goods amounting to $800, ordered of by them through one Buchanan, a traveling salesman of the plaintiff. From uncontradicted evidence it appears that this salesman had no authority to close a sale, but that all orders taken by him were subject to approval by his principal. The order referred to, which was in the form of a memorandum, was not signed. The salesman testified that he did take an order from the defendants for a bill of shoes, and that he sent it to his house for approval, and that the order was returned to him with the word "declined" marked across its face. The order introduced in evidence was so marked. The only witness for the defendants testified, among other things, as follows: "I did not do anything else after I gave the order to Mr. Buchanan. I did not sign any agreement in writing, either at the time the shoes were bought or thereafter, agreeing to take the goods or pay for them. I did not answer any card or letter they sent me about the goods." There was also introduced in evidence a letter from the plaintiff to the defendants, which referred to a past-due indebtedness of the defendants, but this letter, although it mentioned an order for fall goods, did not contain a promise.or agreement to sell any particular goods or merchandise. The jury returned a verdict in favor of the defendants. The plaintiff made a motion for a new trial, based on general grounds only, which was overruled, and it excepted.

J. W. Culpepper, for plaintiff.

H. A. Allen, for defendants.