### 11503.   STEVERSON *v.* BANCROFT.

BROYLES, C. J.   The petition as amended set out a cause of action, and the court did not err in overruling the general demurrer interposed.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
> DECIDED JULY 14, 1920.

Attachment; from city court of Atlanta — Judge Reid.   March 13, 1920.

The action was for breach of a contract of sale alleged to have been made in certain letters, which the defendant in his demurrer contended did not constitute a complete and binding contract and were not sufficient under the statute of frauds.   The letters (except heading, address, and signature) were as follows:   (1) Plaintiff (at Atlanta, Ga.) to defendant (Birmingham, Ala.):   April 29, 1919. "Kindly enter our order for the following, to be shipped shipping

instructions to address below: Terms 2% off 10 days. F. o. b. Atlanta, Ga. 1 car 1x4 B. & Bet. flooring. 38.50 m. The above stock to be manufactured from K. D. stock Standard match flat backed and bundled. Ship to instructions to follow." (2) Plaintiff to defendant: May 2, 1919. "Referring to our order No. 1032, for 1 car 1x4 B. & Bet. flooring, beg to advise you to please let us have invoice and bill of lading as soon as possible, and let same come to us Atlanta, Ga. Hoping that you will give this your prompt attention, we beg to remain," etc. (3) Defendant to plaintiff: May 31, 1919. "I am in receipt of your letter of the 30th inst. On account of a wreck that we have had on your railroad, your order for B. & Better flooring will necessarily be delayed indefinitely. I am sorry of this, but I am helpless about shipping it until we get this going again." (4) Plaintiff to defendant: June 26, 1919. "Relative to our order car 4" B. and Bet. flg., beg to say that we have written you several times about this car of material, but it doesn't seem to get results. Now, we must have something definite, and if you want us to go in the market and buy this car of stock for your account, please advise us, as our customer is threatening to do likewise, therefore something must be done about this. Trusting that you will let us have something definite by return mail, we beg to remain," etc. (5) Defendant to plaintiff: June 28, 1919. "I am in receipt of yours of the 26th inst., in re 1 car B. & Better 4 in. flooring covered by your order 1032. As we have written you several times, the delay on this shipment was caused on account of so much trouble on Dixie Railroad, the road this would have to be shipped over, but feel safe in advising you now that this flooring will go forward next week. Trusting this will not inconvenience you to any great extent," etc.

The petition as amended sets out these letters and alleges, that the plaintiff's order bore the number 1032, and that the two letters of the defendant, set forth above, constituted a complete and unqualified acceptance of the plaintiff's order; that the contract calls for one car of B. and Better flooring at the price of $38.50 per m.; that there is a universal usage and custom among those engaged in the lumber business to the effect that when a "car of flooring" is sold or purchased and the number of feet is not specified, the trade meaning of "one car flooring" is an average car of

20,000 feet, and according to the same usage and custom the letter "B" is used to represent and specify a particular grade of flooring which was well known to defendant and all dealers in lumber, and the abbreviation "Bet." and the letter "m," according to the said usage and custom, stand for the words "Better" and "thousand" respectively; that the usage and custom referred to was well known to the defendant, that the plaintiff and the defendant contracted with reference to it, and that it became by implication of law a part of the contract sued on in this case. It is alleged that under the law, shipment and delivery of the flooring in question should have been made within a reasonable time after instructions for shipping were given, no particular time for shipment being stipulated in the contract; that the time between June 26, 1919, and the date on which this suit was begun, September 17, 1919, was a reasonable time within which to comply with the contract, but the defendant failed and refused to ship said lumber within said time, and the failure to ship within said time constituted a breach of the contract. It is alleged that the market price of the flooring described was $80.50 per thousand feet on September 17, 1919; and the plaintiff sues for the difference between this price and the contract price.

*A. A. & E. L. Meyer,* for plaintiff in error, cited: 21 *Ga. App.* 114; 116 *Ga.* 108; Elliott, Contracts, secs. 6, 7, 26, 30, 36, 37, 38, 42; 13 Corpus Juris, 266-7, 281-2; 93 Mich. 491 (24 L. R. A. 357); Civil Code (1910), § 3222, par. 7; Ell. Con., secs. 1213, 1302; 137 *Ga.* 411; 81 *Ga.* 704; 73 *Ga.* 400; 100 *Ga.* 645; 110 *Ga.* 159; 112 *Ga.* 359; 123 *Ga.* 415; 125 *Ga.* 198; 127 *Ga.* 574; 141 *Ga.* 713; 2 *Ga. App.* 73; 19 *Ga. App.* 53. 11 *Ga. App.* 742 and 21 *Ga. App.* 160, distinguished.

*Napier, Wright & Wood,* contra, cited: 5 *Ga. App.* 436; 11 *Ga. App.* 744; 21 *Ga. App.* 114 (2), 160