## 11387. FRUIT DISPATCH CO. *v.* PETROPOL.

JENKINS, P. J.  1. An offer to purchase which contemplates acceptance by shipment of the goods affords the basis of a binding contract only when the proposal is accepted during the time in which it remains outstanding. *Sheffield* v. *Whitfield*, 6 *Ga. App.* 762 (2), (65 S. E. 807); *Sivell* v. *Hogan*, 119 *Ga.* 167, 172 (46 S. E. 67). In this case the jury were authorized to find, from the evidence, that the defendant's offer to buy was withdrawn prior to the time that the plaintiff performed any act which would amount to an acceptance on its part.

2. The "uniform conditions governing sales" by the plaintiff as contained in its "trade code" book, which are set forth in the petition, and to which, it is shown, the defendant had previously given his assent in writing, relate to contracts of purchase and sale, and have no reference to mere offers withdrawn previous to any words or acts amounting to an acceptance.

3. While it is a recognized principle of law that "where a party gives a reason for his conduct and decision touching anything involved in the controversy he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration" (*Fenn* v. *Ware*, 100 *Ga.* 563, 28 S. E. 238; *Cowdery* v. *Greenlee*, 126 *Ga.* 786, 56 S. E. 918, 8 L. R. A. (N. S.) 137; *Bedingfield* v. *Bates Advertising Co.*, 2 *Ga. App.* 107, 111, 58 S. E. 320; *Tuggle* v. *Green*, ante, 647, 104 S. E. 85), and while it appears that when the goods were rejected by the defendant he wired to the plaintiff as follows: "Cannot handle car of bananas, too ripe. Here subject to your order," and while the meaning and effect of this message could be taken to import the recognition of a contract of purchase and sale, and a rejection of the goods by the defendant on account of a breach by the plaintiff of the terms of such an agreement, still since the message does not necessarily carry such an import, the language can be taken and construed in the light of the facts and circumstances surrounding the parties at the time. This language, according to the defendant's evidence, was but the substantial repetition of his previous statement, made at the time he was notified by the plaintiff that the shipment was in bad order and when he distinctly withdrew his offer to purchase prior to any form of acceptance by the plaintiff. The message, viewed in the light of this testimony, could reasonably be taken either as a rejection of an independent tender or as a mere repetition of the grounds of his withdrawal previously communicated.

4. The exceptions pendente lite are without merit, since the amendment to the plea was permissible for the purpose of showing that the shipment, after being rejected, was handled by defendant only under direct coercion of the food administrator acting under war powers.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 2, 1920.

Complaint; from Clarke superior court — Judge Cobb. February 24, 1920.

*Little, Powell, Smith & Goldstein, John J. Strickland,* for plaintiff.

*Erwin, Erwin & Nix,* for defendant.