## In re SMITH.

## Intervention of LOUISVILLE FERTILIZER CO.

(District Court, N. D. Georgia. June 7, 1922.)

No. 7979.

1. Acknowledgment ⊜⇒45—Bill of sale held not proved so as to be eligible to record; "proof."

Under Civ. Code Ga. 1910, §§ 3307, 3308, 3257, a chattel mortgage to be valid as against other liens must be recorded, and to be eligible to record must be "executed in the presence of, and attested by, or proved before, a notary public." *Held*, that an affidavit of the execution of a bill of sale, given as security, made before a notary public by one who was not an attesting witness, was insufficient as "proof" to substitute due attestation, and did not render the instrument eligible to record.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proof.]

2. Chattel mortgages ⊜⇒150(1)—Record without due attestation ineffective.

Under the law of Georgia, recording of an instrument without the prescribed attestation is ineffective.

In Bankruptcy. In the matter of S. R. Smith, trading as S. R. Smith & Son, bankrupt. On review of order of referee on intervention of the Louisville Fertilizer Company. Affirmed.

Anderson & Slate, of Atlanta, Ga., for intervener.

King & Johnson, of Covington, Ga., for trustee.

SIBLEY, District Judge. Eight bales of cotton are claimed by Louisville Fertilizer Company against the trustee in bankruptcy, by virtue of a bill of sale thereon to secure a debt made in pursuance of Georgia Code, § 3306. The bill is attested under the ordinary attestation clause by a single unofficial witness, Gilleland, and on the same day before a notary public another person, Durden, makes an affidavit that he saw the maker sign, seal, and deliver the bill, that he himself signed the same as a witness, and saw Gilleland sign as a witness. The bill was thereupon recorded more than four months before the bankruptcy. The referee held the bill invalid for want of proper attestation and registration as against the trustee's lien.

[1] By Georgia Code, § 3307, although the bill was valid between the parties without record, it is "postponed to all liens created or obtained, or purchases made, prior to its actual record," except those arising from contract under actual notice. By section 3308, in order to admit the bill to record, it must be "attested or proved in the manner now prescribed by law for mortgages." By section 3257 it is ordained as to a mortgage that "it must be executed in the presence of, and attested by, or proved before, a notary public, or justice of any court in this state," etc., "and recorded."

[2] It is settled that actual registration or record, without the prescribed attestation, is equal to no record at all. Georgia Code, § 3262; Donaldson v. Thomason, 137 Ga. 849, 74 S. E. 762; Southern Iron Co.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

v. Voyles, 138 Ga. 258, 264, 75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369. This paper was not executed before and attested by one of the prescribed officers. Was it "proved before" such an officer in the meaning of the statute? Dealing with a similar statute as to the registration of deeds, the Georgia court said:

"Attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact. Acknowledgment is the act of the grantor in going before some competent officer and declaring the paper to be his deed." White v. Mcgarahan, 87 Ga. 219, 13 S. E. 518.

It was ruled in Nichols v. Hampton, 46 Ga. 253, that a nonofficial subscribing witness might make affidavit of the execution and his attestation of the paper before the prescribed officer, and this would be the equivalent of the officer having attested it. It has never been held that one who may have been present at the execution of a paper, but who does not attest it at the time as a witness chosen by the parties to that end, could make this proof before the officer. The "proof" which may substitute the due attestation must either be an acknowledgment by the maker before the prescribed officer, or an affidavit by one of the attesting witnesses. Any other person is an ineffectual interloper. The would-be witness here did not sign as a witness, notwithstanding the form of the affidavit makes him say so, and his oath was not a sufficient probate of the paper to admit it to record.

The referee's judgment is affirmed.