In re HARTLEY et al.

District Court, M. D. Georgia. January 7, 1929.

Jones, Jones & Johnston, of Macon, Ga., for trustee.

Walter DeFore & James C. Estes, of Macon, Ga., for Warren Co.

DEAVER, District Judge. The Warren Company filed with the referee a claim alleging that the bankrupt was indebted to it in the sum of $796, with interest, balance of purchase price of a certain counter, title to which was retained in said company as seller by a duly recorded contract, and praying that the property be returned to the seller. The referee held the alleged conditional sale contract valid as against the trustee, allowed the claim as one entitled to priority of payment, and ordered that the property be returned to the creditor, unless upon sale it realized a sum sufficient to pay said creditor in full.

The recorded paper is in the form of a written order from the bankrupt to the Warren Company for "1–512 Warren Counter," reciting that the property shall belong to said company until the purchase price shall have been fully paid, and "all orders and contracts accepted by salesmen or selling agents subject to the approval of the home office." The name of the purchaser appears at the lower right-hand corner of the paper on a dotted line, under which is printed "Signature of Purchaser." In the lower left-hand corner are two parallel dotted lines. At the end of the upper line is printed "Witness." At the end of the lower line is printed "Salesman." On the lower line, just before the word "Salesman," is written in pencil the name "O. M. Sims." The upper line, with "Witness" printed at the end, is left blank. The affidavit proving the contract for record before a notary public was made by O. M. Sims.

1. The trustee contends that the probate was not sufficient to entitle the paper to record. The law on the subject, as contained in the Georgia Code, is as follows:

"Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not." Section 3318.

"No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect. It must be executed in the presence of, and attested by, or proved before, a notary public or justice of any court in this state, or a clerk of the superior court (and in case of real property by one other witness), and recorded. Acts 1876, p. 34." Section 3257.

The case of In re Smith (D. C.) 281 F. 574, holds that an affidavit before a notary public by one who was not an attesting witness was insufficient to render an instrument eligible to record. See, also, In re Marshall Co. (D. C.) 291 F. 268, and Merchants' & Mechanics' Bank v. Cottrell & Sons, 96 Ga. 168 (2), 170, 23 S. E. 127. It follows that, if O. M. Sims, who made the probate affidavit, signed the paper as salesman, and not as an attesting witness, the paper was not entitled to record.

The last case cited also holds that if, from an inspection of the contract itself, it cannot be judicially determined whether deponent signed as a witness, or as agent of one of the parties, the question of fact should be left to the jury. In that case the contract was signed thus: "Witness at execution and delivery, Jas. H. Sullivan, for C. B. Cottrell & Sons." There Sullivan signed in the place designated for a witness, but added words which made his capacity uncertain. In the present case Sims signed in the place designated for the salesman, and not in the place designated for a witness; that line being left blank. The capacity in which he signed is not left ambiguous or uncertain by the position of his signature, or by any added words, or by anything else appearing on the face of the paper.

In the case of In re Bondurant Hardware Co. (D. C.) 231 F. 247, the contract contained the following, printed: "Accepted, subject to the approval of Oliver Chilled Plow Works, South Bend, Indiana, by ———, Salesman." The salesman signed his name in the blank space and afterwards made the affidavit of probate. The court said that no one seeing the contract would suppose that he signed it otherwise than as representative of the seller, that the affidavit was insufficient, and that the only purpose for which it could have any weight was to show that the agent really thought he was signing as a witness. In the present case, Sims, according to the paper itself, signed as

salesman, and his affidavit did not entitle the paper to record.

2. Another contention of the trustee is that, even if O. M. Sims signed the paper as a witness, and not as agent, he was disqualified as a witness, because he was the seller's agent, who conducted the transaction and had a financial interest therein by way of a commission on the sale. It is not necessary to decide the question. Under the case of Peagler v. Davis, 143 Ga. 11 (3), 84 S. E. 59, Ann. Cas. 1917A, 232, it is probably true that the witness was not disqualified.

3. The writing in this case is not sufficient to effect a valid reservation of title as against the trustee. The writing is nothing more than an offer to purchase. Haynes-Henson Shoe Co. v. Brown & Brown, 24 Ga. App. 765, 102 S. E. 185; Fruit Dispatch Co. v. Petropol, 25 Ga. App. 839, 105 S. E. 48; Cable Co. v. Hancock, 2 Ga. App. 73, 58 S. E. 319.

Delivery of the property in pursuance of the order completed a valid contract of sale, and as between the parties the reservation of title was valid. Such a contract may be made without any writing. But as against third persons, when property is sold and delivered with the condition affixed to the sale, the *sale* must be evidenced in writing and not otherwise, and the *written contract of sale* must be executed and attested. The writing in this case evidences an offer to buy. It cannot be determined from the writing whether there ever was a sale. The other evidence may show that there was a sale, but under the statute the writing must evidence the sale. Even if the witness was a qualified witness and signed as such, still the thing he attested was a mere offer to buy, whereas the statute requires that the *written contract of conditional sale* shall be attested.

While the statute of frauds (Civil Code Ga. 1910, § 3222) is in many respects different from the statute dealing with conditional sales, still under the former, where a party relies upon a written memorandum, the memorandum must show, not only the terms of the contract, but also that both parties assented to those terms. Wilkerson v. Patton, etc., Co., 10 Ga. App. 697, 73 S. E. 1088. It is not necessary that both parties assent in writing, but the writing must show that both parties assented. Otherwise the writing does not evidence a contract. Under section 3318, supra, the sale must be evidenced in writing and the written contract of sale attested. The writing must show that a sale has been made. A written offer does not evidence a sale.

4. The description of the property in the order is "1–512–Warren Counter." Under the evidence the number 512 is the style number, and does not designate any definite counter. Counters of that style are identified by serial numbers. The description is insufficient. Stevens Hardware Co. v. Bank of Byromville, 34 Ga. App. 268, 129 S. E. 172. See, also, In the Matter of J. C. Holt, Bankrupt, 6 A. B. R. (N. S.) 647, and Shearer v. Housch, 32 Ga. App. 663, 124 S. E. 356.

If the paper had described the property as 1–512–Warren Counter, sold by the Warren Company to the bankrupt, or bought by the bankrupt from the Warren Company, the description would have been sufficient, under the holding in Thomas Furniture Co. v. T. & C. Furniture Co., 120 Ga. 879, 48 S. E. 333.

Parol evidence is admissible to apply a description to the subject-matter and identify the property, but the writing must contain the key to the description. Parol cannot supply a necessary element of the description. If the property is described as a counter sold to a named person, it is permissible to show by parol that only one counter was sold, and to point out that counter; but it is not permissible to supply the description by parol by showing first that a counter was sold and then identifying the counter. When the order in this case was signed, there had been no sale, and the parties could not have had in mind any specific property.

An order will be made, reversing the order of the referee.