23188. BROYLES *v.* HAAS *et al.*

JENKINS, P. J.  1. "When a contract fixes no time for performance, it is to be construed as allowing a reasonable time for that purpose; and what is a reasonable time is a matter of fact to be determined by a jury under all the circumstances of the case." *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (3) (58 S. E. 200) ; *Bryant* v. *Atlantic Coast Line R. Co.,* 119 *Ga.* 607 (3) (46 S. E. 829) ; *Morgan* v. *Colt Co.,* 34 *Ga. App.* 630 (130 S. E. 600) ; *Ray* v. *Hutchinson,* 27 *Ga. App.* 448, 451 (108 S. E. 815) ; 13 C. J. 683, 6 R. C. L. 896. Where parties contracted with another as their agent to purchase from lien creditors claims against certain real estate for a stated maximum amount, and for a compensation to be fixed by the difference between such amount and any less sum for which the agent might be able to purchase the claims, but the contract did not specify the time within which such purchase should be completed, the law implied and read into the contract an undertaking to perform the agreement within a reasonable time; and the principals could not, within such time, revoke the agreement merely for the purpose of defeating the agent's right to compensation, where he had previously performed all his obligations by obtaining binding options from the owners for the sale of their claims for an amount less than the fixed maximum, and nothing remained to be done except the payment of the agreed money by the principals for the consummation of the purchase, and the agent had so notified his principals and called upon them for such payment.

2. Nor was the alleged contract, as indicated in the preceding paragraph, a contract "for sale of lands, or any interest in or concerning them," or "for the sale of goods, wares, and merchandise," within the provisions of subdivisions 4 or 7 of section 3222 of the Civil Code (1910) ; but it was a contract to render services as agent in the purchase of lien indebtedness against real estate. In an action on such a contract the petition was not subject to a general demurrer as setting up an oral contract within the statute of frauds. See *Lingo* v. *Blair,* 32 *Ga. App.* 111 (122 S. E. 802) ; *Garrett* v. *Wall,* 29 *Ga. App.* 642 (116 S. E. 331). Nor was the petition demurrable because it failed to show that the plaintiff was licensed as a real-estate salesman or broker.

3. The petition in effect alleged that, after another agent of the defendants had contracted with the plaintiff that the plaintiff should perform services as indicated above for their principal, who, this agent stated to the plaintiff, would not be disclosed, the plaintiff had a talk with one of the defendants, and ascertained from him that the defendants were the principals in the transaction, and that they thereupon confirmed the agent's right to make the alleged contract, but breached it by declining to pay to the plaintiff his agreed compensation, and offering to pay him only a smaller amount "to let the defendants out of said contract," and refusing to put up the agreed purchase-price of the lien indebtedness. The petition further alleged that the plaintiff "fully performed his part of said contract by obtaining binding options from all of the claimants," except the defendants themselves, as to an interest in such liens which they themselves held, and as to which they had contracted that they would reduce their amount pro rata in proportion to the reduced amounts for which the other lien claims could be purchased; but that the defendants declined so to adjust the matter. The real estate and the lien instrument and indebtedness were also described. Such a petition was not subject to general demurrer, because the agreement as thus stated was "unilateral, lacking in mutuality, and too vague, uncertain, and indefinite, to be capable of enforcement."

4. The amended petition was not subject to general demurrer, because the amendment set up a new, separate, and distinct cause of action, different from that in the original petition. The original petition alleged that the contract was made with the defendants themselves; the amendment, that the negotiations began through another agent of the defendants, but that the contract and the authority of such agent were confirmed and ratified by the defendants. The effect of these averments was to charge that the contract was thus made by the defendants.

5. In addition to sustaining the general demurrer, the court sustained the 5th, 7th, 8th, 10th, 13th, 14th, 15th, and 16th grounds in the grounds of special demurrer, but expressly overruled other grounds.

(a) The 7th and 8th grounds, attacking as conclusions of the pleader and as vague, uncertain, and indefinite, the allegations that the plaintiff had obtained "binding options," without setting forth copies of such options or showing why the same were binding, were properly sustained. While the averment that the plaintiff "fully performed his part of said contract by obtaining binding options," taken with other allegations as to the contract and its performance, was sufficient as against the general demurrer, the defendants were entitled to a pleading of copies of the alleged options, and allegations showing wherein they were "binding," unless this should appear from the instruments themselves.

(b) The 15th and 16th grounds also were well taken. The allegation that the plaintiff "devoted considerable time and skill in carrying out his part of said contract," was either irrelevant to the cause of action as based upon the express contract alleged, or if it sought to introduce into the one count of the petition a claim of quantum meruit, would render the petition duplicitous. *Daniels* v. *Booker*, 23 *Ga. App.* 644 (99 S. E. 228).

(c) The court also, under the 5th ground, correctly struck the irrelevant allegation in paragraph 2 of the amendment that the agent of the defend-

ants knew "that this plaintiff did not have any means to purchase said claims."

(d) The sustaining of the remaining grounds of special demurrer, however, was error. The 10th ground attacks the paragraph which states what occurred and was said between the plaintiff and one of the defendants in their alleged confirmation or ratification of the previous contract as made with the defendant's agent, upon the ground that "the same undertakes to set forth a portion of the conversation, . . but does not purport to set out the whole conversation." This is a speaking ground of demurrer, since the allegations do not on their face purport to state only a part of the conversation, and if anything additional to what is charged was in fact said, it should be set up as matter of defense in the answer. The 13th and 14th grounds seek to strike, as irrelevant and as "propositions made with a view to a compromise," statements that one of the defendants "offered to pay the plaintiff $250 to let the defendants out of said contract, which the plaintiff declined," and that the defendant then proposed to pay an amount less than that provided by the alleged contract. "There is a distinction between an offer or proposition to compromise a doubtful or disputed claim . . and an offer to settle upon certain terms a claim that is unquestioned. An admission made in an offer of the latter character will be admissible when one made in an offer of the former character will not." Park's and Michie's Codes, § 5781, notes and cases cited. Since the petition charges in connection with the alleged statements of the defendant that he said that his alleged agent "had a right to make said contract . . and offered to pay the plaintiff $250 to let the defendants out of said contract," and thus does not show that either the contract or the plaintiff's claim was questioned, but the only objection was to the carrying out of the contract as made, because "plaintiff was getting too much money *out of it*," the allegations were not objectionable as stating "propositions made with a view to a compromise."

6. "The proper judgment on a special demurrer going only to the meagerness of the allegations of a petition is not a judgment sustaining the demurrer and dismissing the petition, but a judgment requiring the pleader to amend and make his petition more certain in the particulars wherein he has been delinquent; and then, if he refuses or fails to amend, the action may be dismissed, if the delinquency relates to the entire case made out in the petition." *Wardlaw* v. *Executive Committee*, 47 *Ga. App.* 596 (170 S. E. 831 (2)). "However, if the special demurrer goes only to some particular part of the pleading, without which a valid (cause of action or) defense would still be set forth, the result of finally sustaining the special demurrer would be, not to dismiss the pleading, but to strike the defective portion." *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96, 98 (166 S. E. 673). As the court erroneously dismissed the petition upon the general demurrer and the special grounds of demurrer stated, the judgment is reversed, with leave to the plaintiff to amend to meet the 5th, 7th, 8th, 15th, and 16th grounds. These five grounds, except the 7th and 8th, do not affect the entire cause of action, and a failure to amend as to three of the grounds would require merely the striking of the defective portions of the pleading. But the two grounds stated

cover the vital matter of copies of the options, with a showing either by the instruments themselves or by additional allegations of fact that their nature and legal effect made them "binding" as charged generally. Accordingly, should the plaintiff fail to amend as to those grounds, the judgment will stand affirmed and the petition be dismissed.

*Judgment reversed, with direction. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 24, 1934.

*George & John L. Westmoreland,* for plaintiff.
*Haas, Gambrell & Gardner, Edgar Chambers Jr.,* for defendants.