Decided June 13, 1935.

*Lee S. Purdom,* for plaintiff in error.

24293.   BROYLES *v.* HAAS *et al.*

DECIDED JUNE 14, 1935.

*George & John L. Westmoreland,* for plaintiff.

*Haas, Gambrell & Gardner,* for defendants.

GUERRY, J. This is the second appearance of this case in this court. See *Broyles* v. *Haas,* 48 *Ga. App.* 321 (172 S. E. 742). Broyles, in his original petition, alleged that he contracted with defendants to negotiate as their agent the purchase for them from lien creditors of claims against certain real estate for a stated maximum amount, and for a compensation to be fixed by the difference between that amount and any less sum for which he might be able to purchase the claims; and that he fulfilled his part of the contract by obtaining a "binding option" from the lien creditors; that the defendants refused to comply with their part of the contract by purchasing the claims; and he prayed for damages. The trial court sustained a general demurrer to his petition and also certain grounds of special demurrer. Upon exceptions in this court it was held (*Broyles* v. *Haas,* supra) that the general demurrer was improperly sustained, but that some of the special grounds of demurrer were properly sustained, but in view of the fact that the judgment sustaining the special grounds did not require a dismissal of the petition, direction was given that the plaintiff be allowed to amend. The court held as follows: "The 7th and 8th grounds, attacking as conclusions of the pleader and as vague, uncertain, and indefinite, the allegations that the plaintiff had obtained 'binding options,' without setting forth copies of such options or showing why the same were binding, were properly sustained. While the averment that the plaintiff 'fully performed his part of said contract by obtaining binding options,' taken with

other allegations as to the contract and its performance, were sufficient as against the general demurrer, the defendants were entitled to a pleading of copies of the alleged options, and allegations showing wherein they were 'binding,' unless this should appear from the instruments themselves."

When the case was returned to the lower court the plaintiff amended his petition by striking the words "binding options" wherever they occurred in the original petition as amended, and substituting the word "agreements." Plaintiff further amended his petition by alleging: "Plaintiff shows that on or about February 24, or 25, 1931, at which time all of said claimants were ready, able, and willing to transfer their several accounts and interests in said loan deed to the defendants, as agreed, plaintiff so notified the defendant, Edwin Haas, and demanded that defendants put with the trustee instanter the said $14,000 and take a transfer of said loan. Plaintiff further advised said Haas that he, plaintiff, had obtained these agreements and was ready, able, and willing to do anything else necessary to close the transaction, and offered to transfer to the said defendants the said agreements as above set forth. That the said Haas then informed the plaintiff that he did not wish to take up the said agreements, nor did he request the plaintiff to show him the said agreements nor make any question whatever as to the form thereof, nor did he make any demand on the plaintiff as to the wording or form of the said agreement, and informed the plaintiff that there was no use for the plaintiff to go any further with the matter; that they, the defendants, were not interested in any agreements plaintiff had made, and that the plaintiff was making too much money on the transaction, and that they, the defendants, would not and did not intend to put up any sum of money whatever to purchase the claims, and that they would not pay the plaintiff for his services and would not deal further with nor through the plaintiff in regard to said transaction, under any circumstances, but would purchase the claims themselves at a lower cost than plaintiff had agreed to pay to the respective parties. The only reason given to the plaintiff by the defendant for not carrying out the terms of the agreement was that the plaintiff was making too much money on the transaction. Plaintiff then advised the said Haas that he, the plaintiff, expected the defendants to carry out the terms of their agreement with him,

and Haas stated further to the plaintiff in said conversation that he could tear up or do anything else he desired with the said agreements. That plaintiff at that time had all of said agreements in writing, copies of which are attached, except the agreement with Stephenson Company Inc. and Campbell Coal Company, and if defendants had requested the said agreements to be put in writing at that time, plaintiff was in position to obtain the same in writing by the said Stephenson Company Inc. and Campbell Coal Company." Defendant filed a demurrer thereto and the trial judge sustained the following three grounds: 1. "Because said petition, as amended, fails to set forth sufficient facts to constitute a cause of action against these defendants." 2. "Because said petition as amended 'on the — day of April, 1934, sets out a new and distinct cause of action." 3. "Because said petition as amended fails to set forth copies of written binding agreements upon the part of Campbell Coal Co. and Stephenson Co. Inc. to sell their respective claims."

It must be conceded that unless the petition as it now stands amended sets out a new and distinct cause of action from that stated when it previously appeared before this court (48 *Ga. App.* 321, supra), the judgment there made is the law of the case, to the effect that the petition does set forth a cause of action. The Code (1910, § 3587; 1933, § 4-213) provides that a broker's commission is earned "when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." The petition as originally brought and as amended alleges: "That on or about January 15, 1931, plaintiff was approached" by a named person, "who requested the plaintiff to *negotiate* for the *purchase* of . . the interest" of named parties. This was not an allegation that he himself was to purchase the claims, so that he would have to show that he obtained from the claimants *binding* options or agreements to sell, but was only an allegation that he was to "negotiate for the purchase for them" of the interests of the claimants, and under such allegation it was only necessary for him to allege and prove that he obtained claimants who were ready, able, and willing to sell. In a suit to recover such compensation or commission the agent is suing on the contract made with the purchaser and not on the contract made by him with the sellers. Such contract so made by him with sellers, together with its terms, may be and is relevant and material for

the purpose of establishing the terms' of the agent's contract with the purchaser, his principal. There was no allegation in the petition that the contract was one purely to purchase the claims, or that the plaintiff was to obtain *binding* agreements on the part of the claimants to sell their interests. If the contract has no provisions respecting the manner in which the agreements to sell are to be obtained, he will not be precluded from his right of action because he has not obtained in writing a binding option to sell. Under the contract pleaded, if his allegations show that he did produce at the time of the performance sellers who were ready, able, and willing to sell, he is entitled to recover. See *Humphries* v. *Smith,* 5 *Ga. App.* 340 (63 S. E. 248) ; *Kesler* v. *Stults,* 15 *Ga. App.* 735 (84 S. E. 201) ; *Wilmot* v. *Silverman,* 26 *Ga. App.* 196 (105 S. E. 654) ; *Reid* v. *Morrison,* 31 *Ga. App.* 613 (121 S. E. 860). It is true that in his original petition he alleged that he complied with his contract with the defendants by obtaining "binding options," and that this court held that he must set out and show how these options were binding, yet it would not be changing his cause of action under the same contract for him to amend his petition and allege that he merely obtained agreements from claimants who were ready, able, and willing to sell. The striking of an allegation made by the plaintiff that he had done more than he had agreed to do, and leaving or substituting what amounts to an allegation of a performance of the contract as already alleged, does not constitute a new and distinct cause of action. From what is said above, we think the trial judge erred in sustaining the demurrer and dismissing the petition.

■ The amendment of the petition makes also a question of estoppel in this case as pleaded, to be determined by the jury. "Where an owner of land authorized a broker to sell it at a stated price, agreeing to pay him a certain sum as commission for making the sale, and the latter procured an offer to be made for the purchase of the land at that price, on stated terms of payment, which offer was accepted by the owner, the broker was entitled to his commission notwithstanding there was a failure to consummate the sale, if the cause of the failure was the refusal of the owner to proceed further with the transaction because she was dissatisfied with the terms of payment to which she had agreed. If this was the sole ground of objection assigned by the owner at the time of such

refusal, other grounds of objection then known to her were waived, and would not avail her as a defense to an action for the commission." *Fenn* v. *Ware,* 100 *Ga.* 563 (28 S. E. 238) ; *Cowdery* v. *Greenlee,* 126 *Ga.* 786 (55 S. E. 918, 8 L. R. A. (N. S.) 137) ; *Fruit Dispatch Co.* v. *Petropol,* 25 *Ga. App.* 839 (105 S. E. 48). If the jury should find the facts to be that defendants, at the time the offer of plaintiff to comply with his agreement was made, assigned no other reason for failure to comply with their part of the contract than that they thought he was making too much out of the proposition, defendants would then be estopped to set up any other ground of the defense, known at the time of such refusal.

*Judgment reversed. Jenkins, P. J., and MacIntyre, J., concur.*