### EICHBERG *v.* WARE & OWENS.

Though the evidence is in irreconcilable conflict, it amply warranted the verdict. That part of it which was objected to was admissible in rebuttal. In view of the evidence, of the whole charge as given and the amount of the verdict, there was no error in declining to charge as requested, and none in overruling the motion for a new trial.     *Judgment affirmed.*

May 22, 1893. By two Justices.

Complaint for damages. Before Judge WESTMORELAND. City court of Atlanta. September term, 1892.

Ware & Owens sued Mrs. Eichberg for $300 commissions which they alleged to be due them as real estate

agents, for finding a purchaser for a lot of defendant under an agreement with her to pay commissions therefor, the offer of which purchaser, they alleged, she accepted and promised to bring her deeds for examination, but finally repudiated the sale and refused to complete it. Plaintiffs obtained a verdict for $250 with interest, and defendant's motion for a new trial was overruled. The motion contains the grounds, that the verdict is contrary to law, evidence, etc., and that the court refused to charge thus: (a) "It is the duty of plaintiffs to make out their case by a preponderance of evidence; if they have failed to do this in any particular, they cannot recover." (b) "As to the right to recover commissions, it is necessary for the plaintiffs to show that the defendant agreed by express terms to pay a certain amount or rate of commissions, or if no express agreement exists as to commissions, between plaintiffs and defendant, then there must be such state of facts shown upon which reasonable commission can be determined, and it will be necessary, from the evidence and that alone, to determine what could be reasonable commissions, provided it is believed such service was performed for which plaintiffs are entitled to compensation, and the plaintiffs were authorized to sell the property." (c) "It was the duty of plaintiffs not only to get the lowest price given, but as much more as they could get for the property, and if more could have been gotten for the property, or if by reasonable diligence the plaintiffs could have gotten more, it was their duty to do so."

Another ground of the motion was upon the admission of certain testimony in rebuttal, over objection. The defendant had testified that she had never authorized plaintiffs to sell the property, nor did her husband have any authority to refuse to accept a tender; that he did not accept, and knew it was against her will to accept; that she was her own agent and attended to her

own business; and that she did not authorize him to go
to the office of plaintiffs and tell them that the trade was
off, and had no knowledge of saying anything to him
about going to their office.   He testified, that plaintiffs
had no authority to sell the property; that Ware came
out to witness's house and was told by witness that his
wife was not willing to sell it; that afterwards Ware
came to the house with some money in his hand and a
piece of paper and pencil, and wanted witness to sign
the paper and to take the tender of the money, and said
he (Ware) had sold the property for $10,000; that wit-
ness told him he was not authorized to sell, but Ware said
he had found a customer, it was a good trade and Ware
wanted to close it; that witness told him it was no use,
as his wife was opposed to selling it; that Ware was
not authorized to sell it and had no right to sell it; that
Ware was there for quite a time arguing as to the ad-
vantages of the sale, etc., and he finally told Ware he
would talk the matter over with his wife and the next
day at one o'clock give him a definite answer; that on
the next day he told his son to go to plaintiff and say
that his wife would not consent to sell the property.
The testimony admitted in rebuttal was that of Ware,
to wit: "Mr. Eichberg came in and said that he had
been down to look after the deeds; he thought they
were down at the Capital City Bank, but on going there
he found they were not there, but thought that Col.
Weil had them, and he would go up and see Col. and
bring them down. He went off. I did not see him any
more that day, so I telephoned him next day and asked
him how about the papers; he said he would go in and
see Col. Weil. He came in and said he had been up to
see the colonel, and they were not there.   He said that
perhaps they were at Mr. Sol. Haas' or Aaron Haas' per-
haps, not the Capital City man, and he would see if he
could find them there.   It went on that way for a week

I suppose, or perhaps ten days.   Finally Mr. Eichberg came in one day and said, 'Some parties have been talking to my wife, some of our friends, and they have advised her that we sell it too cheap, that she can get more money for the place, and we do not care to sell now unless we can get $11,000 for it.'   I said, 'Mr. Eichberg, we have sold the place; we have complied with the terms of the sale; we have done all we can do as real estate men; you seem to have made an effort to get the papers, and now you come up here this morning and want to withdraw it.'   I said, 'I simply refer you to our attorneys, Mayson & Hill.'   He talked around then and said, ' Well, you cannot get nothing nohow.' "   The objection was, that this testimony was not in rebuttal, defendant's counsel having before objected to the same character of testimony, when offered in chief, because it could not affect and bind defendant unless the declarations of Eichberg were made in her presence or with her assent, and because said declarations were irrelevant; and the court had sustained the objections.

JOSEPH H. SMITH, for plaintiff in error.

MAYSON & HILL, contra.