### 4603.  CITIZENS BANK OF IRON CITY *v.* WARE.

The holder of a negotiable instrument is presumed to be so bona fide and for value; and unless his title is denied by a valid plea of non est factum, under oath, filed by either the maker or the indorser, where both the maker and the indorser are sued thereon, the note is admissible in evidence without proof of its execution or of the genuineness of the indorsement thereon.

DECIDED MARCH 18, 1913.

Complaint; from city court of Miller county—Judge Bush. December 16, 1912.

*P. D. Rich,* for plaintiff.  *W. I. Geer,* for defendant.

HILL, C. J.   The Citizens Bank of Iron City brought suit against P. G. Ware, as maker, and T. E. Johnson, as indorser, of a promissory note.   The defendant Ware pleaded failure of consideration, and denied that the defendant was a bona fide holder of the note, and that it was transferred before maturity.   By an amendment to the original plea the genuineness of the indorsement on the back of the note, purporting to have been made by T. E. Johnson, the original payee, was denied by Ware.   It was not denied by Johnson.   This amendment was as follows:

"Citizens Bank v. P. G. Ware.   Defendant amends his plea and says:   1st:   He denies the genuineness of the endorsement on the back of note sued on, and also denies the legality of said endorsement and transfer, and denies that same was transferred by T. E. Johnson to plaintiff.

"Georgia, Miller County:   I, P. G. Ware, swear that at time of filing original plea that I did not omit the new facts set out in this plea for purpose of delay, and that amendment is not now offered for delay.   P. G. Ware.

"Sworn to and subscribed before me Dec. 16th, 1912.   J. E. Brown, C. S. C."

This amendment was allowed.   When the note was offered in evidence by the plaintiff the court excluded it, on the ground that the endorsement had been denied on oath, and had not been proved. No further evidence being offered, the court granted a nonsuit. The plaintiff excepted.

An examination of the above-quoted amendment, in connection with the affidavit attached thereto, shows that the legality of the endorsement and transfer was not denied on oath; and as to these facts the plea is wholly defective and insufficient.   The plaintiff was presumptively a bona fide holder, for value, and before maturity, of the note sued on; and there being no valid denial of its title, it was not required to prove the same.   The court erred in excluding from evidence the note sued on, and this error being controlling, the judgment granting a nonsuit must be reversed. Civil Code (1910), § 4299.   *Cedar Rapids Nat. Bank* v. *Beckham,* 6 *Ga. App.* 571 (65 S. E. 359); *Sheffield* v. *Johnson County Bank,* 2 *Ga. App.* 221 (58 S. E. 386).                    *Judgment reversed.*