### 11919. WILMOT & COSBY v. SILVERMAN.

BROYLES, C. J. 1. Where a real-estate broker, during the agency, procures a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner, the broker's commissions are earned. Civil Code (1910), § 3587.

(a) In such a case the broker can recover commissions notwithstanding the absence of a contract of sale binding alike on seller and purchaser. *Humphries v. Smith*, 5 Ga. App. 340 (63 S. E. 248). In the case just cited this court did not hold that a broker is not entitled to commissions unless he has brought the prospective purchaser into the actual presence of the owner. His commissions are earned when he finds a purchaser ready, able, and willing to buy, and who notifies the broker that he will buy on the terms stipulated by the owner, and when the owner is informed of this fact.

2. Under the above rulings, and the undisputed evidence adduced on the trial of the instant case, the municipal court of Atlanta erred in awarding a nonsuit, and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 25, 1921.

Certiorari; from Fulton superior court —. Judge George L. Bell. October 8, 1920.

Wilmot & Cosby, real-estate agents, with whom E. M. Silverman had listed for sale a house and lot in the city of Atlanta, procured from A. M. Arnold an agreement in writing to purchase the property for $7,500, to be paid as follows: $2,000 cash and $85 per month. The terms upon which the property had been listed for sale included also the purchaser's assumption of a loan of $2,000,

and retention of possession of the property by Silverman until September 1; and when the agreement signed by Arnold was presented to Silverman by a salesman employed by the agents, Silverman refused to sign it. This was stated to Arnold by the salesman, and Arnold agreed orally to purchase the property upon the terms insisted upon by Silverman. The salesman returned to Silverman and informed him of this second agreement. According to the saleman's testimony, Silverman told him to " bring the customer to his (Silverman's) place, and he would have a contract there, and it would all be signed in his office. " The salesman did not " get the man up there, " and Arnold " never saw Mr. Silverman·at all, " but the salesman attempted to obtain title papers from Silverman for examination, and Silverman would not give them to him. Silverman said he wanted his lawyer to draw up a contract. He had some disagreement with the salesman as to the amount of the commission on the sale, and finally " claimed he had the property sold to somebody else. " Arnold, according to his testimony, was ready, willing, and able to buy and pay for the property on the terms proposed by Silverman and orally agreed to by Arnold.

Wilmot & Cosby sued Silverman in the municipal court of Atlanta for a commission on the price of the property, alleging that they had found a customer ready, able, and willing to buy and who had offered to buy on the terms stipulated by the defendant. The court, at the conclusion of the evidence introduced by the plaintiffs on the trial, granted a nonsuit, on the motion of the defendant, the judge stating that it was his opinion that in order to recover the commission, " there must be a valid and binding contract procured by the real-estate agent. " A motion for a new trial was overruled, and the plaintiffs sued out certiorari. The facts stated above appear from the answer to the certiorari. The judge of the superior court overruled the certiorari, and the plaintiffs excepted.

*Alvin L. Richards, Hewitt W. Chambers,* for plaintiffs, cited: Civil Code (1910), § 3587; 5 *Ga. App.* 340; 92 *Ga.* 508; 129 *Ga.* 479(1); 12 *Ga. App.* 512; 11 *Ga. App.* 156.

*W. C. Hendrix, W. G. Shearer,* for defendant, cited: Civil Code, § 3587; 129 *Ga.* 479(4); 139 *Ga.* 294; 11 *Ga. App.* 156, and cit.; 5 *Ga. App.* 340; 15 *Ga. App.* 735; 12 *Ga. App.* 329; 73 *Ga.* 295;