### 14547. REID *v.* MORRISON

STEPHENS, J. 1. Upon the trial of an issue formed upon a plea to the jurisdiction of the court, based upon the ground that at the time of the institution of the suit the defendant did not reside within the county, where it appeared from the issue as made by the evidence that proof establishing the defendant's residence within the county at the time of the trial necessarily established his residence within the county at the time of the institution of the suit, thus establishing the jurisdiction of the court over him, a charge by the court to the effect that jurisdiction of the defendant attaches upon proof that at the time of the trial the defendant is a resident of the county, while inaccurate as an abstract statement of the law, was not error as applied to the issue upon trial, and therefore was harmless to the defendant.

(a) It being undisputed that the defendant and his family had before the institution of the suit moved into and occupied a residence within the jurisdiction of the court, and had since continued to occupy the residence, and was so doing at the time of the trial, but it being contended by the defendant that when he moved into the jurisdiction of the court he left his citizenship behind him, and that, while since then he had been living within the jurisdiction of the court and at the time of the trial was so living, his legal residence was in another county and without the jurisdiction of the court, and there being no evidence otherwise to the effect that the status as to the defendant's legal residence had changed from the time he moved into the jurisdiction of the court and the time of the trial, it necessarily follows that any inference which might be drawn that at the time of the trial the defendant's legal residence was within the jurisdiction of the court carries with it the inference that at the time of the institution of the suit his legal residence was within the jurisdiction of the court.

2. That portion of the charge quoted from the Civil Code (1910), § 2181, which was based upon the hypothesis that the defendant had no family, while not strictly applicable to the issues made by the evidence, was nevertheless harmless to the defendant.

3. The evidence clearly made, an issue as to whether the defendant resided indifferently at two places within the State, and also as to whether he habitually resided a portion of the year in one county and another portion in another, and the rules of law applicable to such issues were properly given in charge to the jury.

4. The evidence, taken in its entirety, authorized a finding that at the time of the institution of the suit the defendant resided within the juris-

diction of the court, and that therefore the court had jurisdiction over him.

5. A real-estate broker may contract, as a condition precedent to earning his commission, to procure a contract of sale, or his undertaking may be simply to procure a purchaser ready, willing, and able to buy, and who offers to buy, upon the terms stipulated by the owner. Civil Code (1910), § 3587; *Wilmot* v. *Silverman*, 26 *Ga. App.* 196 (105 S. E. 654); *Humphries* v. *Smith*, 5 *Ga. App.* 340 (63 S. E. 248).

6. A suit by the broker to recover his commissions alleged to be due is not a suit upon the contract of sale which he has procured between his principal, the owner of the land, and his customer, the purchaser, but is a suit upon the contract, either express or implied, between the broker and his principal to pay commissions for services performed by the broker in respect to selling or procuring a purchaser for the real estate.

7. In such a suit, however, the contract of sale and its terms may be material and relevant for the purpose of establishing the terms of the broker's contract for commissions or other facts necessary to the broker's right to recover.

8. The fact that the alleged contract of sale, for the procuring of which the broker is suing for commissions, purports upon its face to be a contract by the terms of which his principal is to purchase certain real estate from the customer procured, and, as part of the purchase price, to convey to the customer the real estate for the sale of which the broker is suing for his commission, and therefore is not a contract by the principal to sell the property which he listed with the broker, does not defeat the broker's right to show that the contract thus procured by him was as between him and his principal, to all intents and purposes and in contemplation of his brokerage contract, a contract for the sale by his principal to the opposite party of the property contracted by the principal to be paid as part of the purchase-money for other property purchased by him.

9. In a suit against the principal by the broker to recover commissions, which was brought in two counts, each for the same amount, one count alleging a contract by which the broker was to procure a contract of sale between his principal and the purchaser, and the other count alleging that the plaintiff earned his commission under a brokerage contract by obtaining a customer ready, willing, and able to purchase the property, and who had actually offered to purchase upon the term stipulated by the owner, where the verdict found for the plaintiff is sustainable under the second count, it is immaterial that the evidence was insufficient to support a verdict under the first count by reason of the contract of sale necessary to support such verdict being for any reason invalid, as by an insufficient description therein of the land purported to be sold.

10. Any statement in the charge of the court which seems to be confusing and calculated to leave an impression that one count in the plaintiff's petition was based upon a written contract, and the other count upon a contract not in writing, was not prejudicial to any rights of the defendant, and therefore furnished no ground for setting aside the verdict found for the plaintiff.

11. Since the verdict is maintainable under the second count, where the

validity of the contract of sale is not essential to the plaintiff's right to recover, a charge that the contract of sale alleged to have been procured by the plaintiff was required to be in writing, unless partly performed, was harmless to the defendant; and if such charge could be construed as containing an instruction that the contract for commissions sued upon was required to be in writing unless partly performed, it only placed an unnecessary burden upon the plaintiff, and therefore was not harmful to the defendant.

12. The court in the charge clearly instructed the jury that, if, by reason of the plaintiff having, in carrying out his contract with the defendant, acted also as agent for the other party to the sale contract and received a commission from such other party for his services in the transaction, the defendant would not be liable if he was at the time ignorant of such dual agency.

13. It·appearing without dispute from the evidence that the owner accepted the purchaser procured by the broker, there was no issue for submission to the jury as to whether such person was ready, willing, and able to buy, and actually offered to buy, upon the terms stipulated by. the owner; and any omission upon the part of the trial judge to submit this issue to the jury was not error.

14. The evidence authorized the inference that the defendant knew that the plaintiff had listed for sale, as agent, the property belonging to the other party to the sale contract and which the defendant offered to buy, and it was therefore clearly inferable that the defendant knew of the so-called dual agency.

15. The charge of the court, fairly to the defendant, submitted to the jury all of the issues in the case.

16. The evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1924.

Complaint; from city court of Decatur—Judge Daley.  March 3, 1923.

*H. C. Holbrook, Branch & Howard,* for plaintiff in error.
*Hendrix & Buchanan,* contra.

