30226. KNOWLES *v.* HAAS & DODD.

DECIDED MARCH 2, 1944.

*Scott, Dunaway, Riley & Wiggins, James C. Howard Jr.,* for plaintiff in error. *Haas, Gardner, Lyons & Hurt,* contra.

PARKER, J. The petition alleges that "plaintiffs are a partnership composed of Edwin R. Haas, Fair Dodd, Herman J. Haas, L. Engle Mock, Judson M. Garner, Charles A. Meriwether, Edwin R. Haas Jr., and Elliot L. Haas;" that the defendant, Millie B. Knowles, is a resident of Fulton County, Georgia; that "at the times hereinafter mentioned, the plaintiffs were, and now are, in the general real estate business in the City of Atlanta and duly licensed by the State of Georgia to carry on said business;" that on March 10, 1943, the defendant listed with the plaintiffs, at a price of $15,000, her residence "known as No. 70, 28th St., N. W.,

according to the system of numbering houses in the City of Atlanta;" that "plaintiffs procured a purchaser for said property in the person of Mrs. Lucile C. Stevens, who signed a contract for the purchase of the property for . . $15,000, and at the same time delivered to plaintiffs . . $500 earnest money to bind the trade," a copy of said contract being hereto attached as "Exhibit A;" that the plaintiffs tendered said signed contract to the defendant, and she refused to accept or sign the same, but finally agreed to sign the contract if the purchase price of the property was raised to $15,750; that "thereupon . . $15,000 was stricken in the contract which had been signed by Mrs. Lucile C. Stevens and . . $15,750 inserted in its place, when the defendant, Millie B. Knowles, thereupon signed the contract as changed;" that "subsequently the plaintiffs secured Mrs. Stevens' acceptance of the contract as changed to $15,750, and as evidence thereof Mrs. Stevens wrote her acceptance on the contract, and the defendant was duly notified thereof;" that "defendant has refused . . to go through with the deal, and has refused . . to pay the plaintiffs their commissions;" that "defendant agreed to pay the plaintiffs for their services in procuring a purchaser for said property a commission of five per cent. on the first $10,000 of the purchase price, and three per cent. on the balance of the purchase price, which . . amounts to $672.50;" that "plaintiffs . . earned said . . $672.50 when they found a purchaser who offered to buy, and signed a contract to buy, defendant's property at the purchase price stipulated by the defendant;" and that "no part of said sum has been paid and the whole amount thereof is now due . . by the defendant to the plaintiffs, together with interest at the rate of seven per cent. per annum."

It appears from the copy of the contract attached to the petition as "Exhibit A" that said contract, changed as alleged, was signed by Lucile C. Stevens, accepted by Millie B. Knowles on April 2, 1943, and signed by Haas & Dodd, and began: "The undersigned Buyer agrees to buy, and the undersigned Seller agrees to sell, through Haas & Dodd, Agents, all that tract of land, land lot 146 of the 17th district of Fulton County, Georgia", etc. [A complete description of the property in question being given], "including all lighting fixtures attached thereto, and all heating, water heating, and plumbing equipment therein." The contract contin-

ued: "The purchase price of said property shall be $15,750, to be paid as follows: $15,750. Assume a first loan in favor of E. Mc-Adamson in the original amount of $7,500, which has been reduced to the principal sum of $6,375. Bearing 4½ per cent. per annum and being payable semi-annually on June 15th and December 15th of each year, with semi-annual reduction on the principal of $187.50, payable same dates. Assume a second mortgage in favor of the above mortgagee in the principal sum of $2,200, bearing 6 per cent. per annum and being payable in monthly payments of $40. The above first mortgage expires Dec. 15, 1959. The difference to be paid in cash. . . Special Stipulations. Interest on loans, 1943 taxes, rents, and fire insurance to be prorated as of closing sale. As of June 1, 1943. It is . . agreed that the electric refrigerator and gas cooking stove in the upper apartment, venetian blinds in living and dining room are to remain with the premises and included in the above sale price. It is also understood that the screen wire on porches are to be replaced where needed by the seller at his expense. It is also . . agreed that the purchaser shall have possession of the premises not later than June 1, 1943. The interest at the rate of 6 per cent., on the above-mentioned second mortgage of $2,200, is payable each month on the unpaid principal, in addition to the $40 principal reduction. The carpet runner on stairway to upper apartment is to remain with the premises included in the above sales price." The contract concluded: "This instrument shall be regarded as an offer by the Buyer or Seller who first signs to the other, and is open for acceptance by the other until 6 o'clock P. M. on the 2nd day of April, 1943, by which time written acceptance of such offer must have been actually received by Agents, who shall notify other party of such acceptance." Preceding the "Special Stipulations," the contract provided in part: "Buyer has paid the undersigned Haas & Dodd, Agents, receipt whereof is hereby acknowledged by Agents, $500 as earnest money, to be applied as part payment of the purchase price of said property at the consummation of the sale. . . Seller agrees to furnish good and marketable title to said property and Buyer shall have a reasonable time in which to examine the same. . . In negotiating this contract agents have rendered a valuable service and Seller agrees to pay Agents a commission in accordance with the schedule on the reverse side hereof. [This

schedule fixes the commissions as alleged in the petition]. . . If this transaction involves an exchange of real estate, commissions shall be paid in respect to the property conveyed by each party to the other, and notice of dual agency is hereby given and accepted by all parties hereto."

The defendant's first exception is to the judgment overruling the following general demurrer: "1. Plaintiffs' petition fails to state a cause of action. 2. Plaintiffs' petition shows on its face that the contract sued upon was too indefinite for the basis of an action for specific performance, and therefore can not be the basis of a claim for commissions."

In the case of *Reid* v. *Morrison,* 31 *Ga. App.* 613 (5-7), (121 S. E. 860), this court held: "A real-estate broker may contract, as a condition precedent to earning his commission, to procure a contract of sale, or his undertaking may be simply to procure a purchaser ready, willing, and able to buy, and who offers to buy, upon the terms stipulated by the owner. Civil Code (1910), § 3587 [Code 1933, § 4-213]; *Wilmot* v. *Silverman,* 26 *Ga. App.* 196 (105 S. E. 654); *Humphries* v. *Smith,* 5 *Ga. App.* 340 (63 S. E. 248). . . A suit by the broker to recover his commissions alleged to be due is not a suit upon the contract of sale which he has procured between his principal, the owner of the land, and his customer, the purchaser, but is a suit upon the contract, either express or implied, between the broker and his principal to pay commissions for services performed by the broker in respect to selling or procuring a purchaser for the real estate. . . In such a suit, however, the contract of sale and its terms may be material and relevant for the purpose of establishing the terms of the broker's contract for commissions or other facts necessary to the broker's right to recover." Applying the law announced in the *Reid* case, supra, to the facts alleged in the petition under consideration, it clearly appears that the plaintiffs base their right to recover commissions on the theory that they procured a purchaser for the defendant's property, and not upon the theory that they actually procured a contract of sale. This construction of the petition appears to be that of counsel for the plaintiff in error, since they state in their brief that plaintiffs "asked for a judgment against Millie B. Knowles for commission because they found a purchaser, and attached said contract of purchase to the petition in order to show what they actually based their claim for a commission" upon.

Counsel for plaintiff in error make this statement in their brief: "We take the position that all of this description of the loans and other items mentioned is too vague and indefinite to identify any particular loans, to identify any particular interest, taxes, rent, and fire insurance to be prorated, or to identify any particular refrigerator, cooking stove, or venetian blinds." The contract in question fully describes the real estate to be sold, and without making reference to any other realty, contains this language: "Assume a first loan in favor of E. McAdamson," etc.; and "assume a second mortgage in favor of the above mortgagee," etc. Our view is that the contract must be construed as showing that both of these loans were on the only real property mentioned in the contract. After stating that the price of the property to be sold was $15,750, and referring to the two loans and giving the amount of each loan, the contract reads: "The difference to be paid in cash." The contract not only shows what the amount due on the first loan was originally, but that the principal had been reduced to $6,375. The contract also provides that the rate of interest on the first loan was 4½ per cent. "payable semi-annually on June 15th and December 15th of each year, with a semi-annual reduction on the principal of $187.50, payable same dates," and that "the above first mortgage expires Dec. 15, 1959." As to the second loan, the contract reads: "Assume a second mortgage in favor of the above mortgagee in the principal sum of $2,200, bearing interest 6 per cent. per annum and being payable in monthly payments of $40. . . The interest at the rate of 6%, on the above-mentioned mortgage of $2,200, is payable each month on the unpaid principal, in addition to the $40 principal reduction." The contract further shows that each loan was secured by a mortgage in favor of E. McAdamson, and that "the purchaser shall have possession of the premises not later than June 1, 1943." The contract specifically states that the property to be sold includes "all lighting fixtures attached thereto, and all heating, water heating, and plumbing equipment therein." The contract also reads: "Interest on loans, 1943 taxes, rents, and fire insurance to be prorated as of closing sale. As of June 1, 1943. It is understood and agreed that the electric refrigerator and gas cooking stove in the upper apartment, venetian blinds in living and dining room are to remain with the premises and included in the above sale price. It is also understood that the screen wire on

porches [is] to be replaced where needed by the seller at his expense. . . The carpet runner on stairway to upper apartment is to remain with the premises included in the above sales price."

In *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653), the Supreme Court said: "A contract for the sale of real estate, between two owners thereof and a purchaser, which specifies the gross purchase-price to be paid, and further recites that the purchaser agrees to 'assume loan of $900 now outstanding against' the property purchased, 'which loan bears eight per cent. interest, which matures in about eighteen months and can be taken up at any time prior to maturity by paying interest to date,' and in which the purchaser is to give two notes for the balance of the purchase-price, to mature on or before twelve months, and to pay seven per cent. interest, is not void under the statute of frauds for lack of sufficient description of the loan which the purchaser assumes and the notes which he is to give for the balance of the purchase-money after deducting such loan. . . The loan assumed by the purchaser is one outstanding against the property at the date of the contract of purchase, and this furnishes a key by which the loan may be ascertained without resort to parol evidence." In *Southeastern Realty Co.* v. *Griffin,* 38 *Ga. App.* 220 (143 S. E. 435), the court said: "If the contract had provided for the assumption of a then-existing loan identified by the agreement, the rule might be different, since such a reference might furnish a key by which the provisions of the outstanding contract could be ascertained with certainty without resort to parol evidence." See also *Carter* v. *Ray,* 70 *Ga. App.* 419 (28 S. E. 2d, 361). Viewing the contract under consideration in its entirety, we cannot agree with counsel for the plaintiff in error that it is too vague and indefinite to be capable of enforcement. In support of their contention in this regard, counsel cite numerous cases which, in our opinion, are differentiated by their facts from the instant case.

But in any event, the petition shows that the plaintiffs procured as a purchaser for the defendant's property a person who was ready to buy at a price and on terms acceptable to the defendant, and actually accepted by her when she signed the contract already signed by Mrs. Stevens, the buyer. "In a suit against the principal by the broker to recover commissions, which was brought in two counts, each for the same amount, one count alleging a contract by which

the broker was to procure a contract of sale between his principal and the purchaser, and the other count alleging that the plaintiff earned his commission under a brokerage contract by obtaining a customer ready, willing, and able to purchase the property, and who actually offered to purchase upon the terms stipulated by the owner, where the verdict found for the plaintiff is sustainable under the second count, it is immaterial that the evidence was insufficient to support a verdict under the first count by reason of the contract of sale necessary to support such verdict being for any reason invalid, as by an insufficient description therein of the land purported to be sold." *Reid* v. *Morrison,* supra. We hold that the court did not err in overruling the general demurrer to the petition.

The assignment of error on the judgment sustaining the special demurrers to paragraphs 16 and 17 of the defendant's answer is neither argued nor insisted upon by counsel for the plaintiff in error and therefore will be considered as abandoned.

*Judgment affirmed. Sutton, P. J., concurs. Felton, J., concurs in the judgment.*