30499.   STEINMETZ *v.* DRAPER-OWENS COMPANY.

DECIDED NOVEMBER 10, 1944.   REHEARING DENIED DECEMBER 11, 1944.

*Heyman, Howell & Heyman,* for plaintiff in error.

*James C. Howard Jr., Scott, Dunaway, Riley & Wiggins,* contra.

BROYLES, C. J.   Draper-Owens Company, real-estate broker, sued J. C. Steinmetz to recover a broker's commission.   The plaintiff alleged that the defendant listed with it certain premises owned by him for sale; that during the term of the agency the plaintiff found a purchaser ready, willing, and able to buy the property on the terms stipulated by the defendant, and who actually offered to buy it on those terms; but that the defendant refused to consummate the sale, through no fault of the plaintiff.   The defendant in his answer denied that he had listed the property with the defendant, and denied the other material allegations of the petition. The case proceeded to a verdict and judgment for the plaintiff; the defendant's motion for a new trial was overruled and that judgment is assigned as error.

A special ground of the motion complains of the court's refusal to give to the jury the following timely, written request:   "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and an inferior nature, a presumption arises that the charge is well founded, but this presumption may be rebutted."

The defendant both in his answer and in his testimony denied that he had listed his property with the plaintiff, or had stipulated any terms for the sale of the property, or that the plaintiff had ever informed him that it had obtained a written offer from Mr. Herbert W. Kelly to buy the property.   This testimony was in direct conflict with that introduced by the plaintiff.   The jury were authorized to find from the evidence that the plaintiff had obtained a written offer from said Kelly to purchase the property on the terms stipulated by the defendant, although the defendant denied making any stipulations.   The jury were further authorized to find from the evidence that the written offer was in the plaintiff's

possession. That paper was not introduced in evidence. The evidence having raised an issue of fact as to whether a written offer to buy the property had been obtained from Kelly, and a further issue as to whether the offer complied with the terms which the plaintiff's witnesses testified had been stipulated by the defendant, we think that the written offer was the highest and best evidence to prove the plaintiff's contentions, and, that paper being in the plaintiff's possession and not having been put in evidence, the court erred in refusing to give the requested charge, which was in the language of the Code, § 38-119.

In *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23, 29 (174 S. E. 708), the court held that the refusal to give the charge requested in the instant case was error. In that case a conveyance of property made by a husband to his wife was attacked as fraudulent, and on the trial the husband testified that the deed was not made with fraudulent intent, but the wife failed to testify, and the court said: "As to this question, if not also as to others, the jury could have inferred that these defendants had evidence within their power and reach by which to repel the claim or charge against them and omitted to produce it, or that having more certain and satisfactory evidence, to wit, the evidence of the husband *and* wife, relied on that which was of a weaker and inferior nature—the testimony of the husband alone. In such a case, says the Code, the presumption arises that the charge or claim is well founded. . . Nothing said herein is to be construed as implying its applicability [Code, § 38-119], only in relation to transactions between husband and wife. Each case must stand upon its own particular facts, and the facts and circumstances must authorize the inference that a party 'had evidence in his power and within his reach by which he may repel a charge or claim against him and omits to produce it,' or, 'having more certain and satisfactory evidence in his power,' he 'relies on that which is of a weaker and inferior nature,' before the jury should be told of any 'presumption.' " While the facts of that case are not similar to those of the instant one, the facts here clearly show that the plaintiff, in its attempt to prove the liability of the defendant, had more certain and satisfactory evidence in its power than that which it presented to the jury, and that it relied on oral testimony which was of a weaker and inferior nature to the written document in its possession and power.

In *Fountain* v. *Fuller E. Callaway Co.*, 144 *Ga.* 550 (3) (87 S.·E. 651), the court held that a charge similar to the one requested in the present case was properly given; and in *Moye* v. *Reddick*, 20 *Ga. App.* 649 (93 S. E. 256), and in *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (3) (152 S. E. 116), the same ruling was made. It is true that in the instant case the suit was not one upon the written offer to buy the property, but was an action upon the alleged contract between the plaintiff and the defendant to pay commissions to the plaintiff for its services in· procuring a purchaser for the defendant's property who was ready, willing, and able to buy it, and who actually offered to buy it, on the terms ·stipulated by the owner. *Reid* v. *Morrison*, 31 *Ga. App.* 613 (6) (121 S. E. 860). "In such a suit, however, the contract of sale and its terms may be material and relevant for the purpose of establishing the terms of the broker's contract for cómmissions *or other facts necessary to the, broker's right to recover."* (Italics ours.) Id. Headnote 7. That ruling was quoted and approved in *Knowles* v. *Haas*, 70 *Ga. App.* 715, 718 (29 S. E. 2d, 312). In the instant case, the plaintiff alleged that it had procured a purchaser for the defendant's property who was ready, willing, and able to buy it, and who actually offered to buy it on the terms stipulated by the owner. All of those allegations were denied in the answer of the defendant, and, therefore, the burden was upon the plaintiff to prove all of them by a preponderance of the evidence.

On the trial oral evidence was presented by the plaintiff that it had procured as a purchaser for the property Mr. Herbert W. Kelly, and that he was ready, willing, and able to buy it, and that he actually offered to buy it on the terms made by the defendant. ·On the other hand, the defendant testified that he had never listed his property with the plaintiff for sale, and that he had never stipulated any terms for the sale. On cross-examination Herbert W. Kelly, the plaintiff's witness, testified that his offer to purchase the property was put in writing, and that he signed it and gave the document to the plaintiff's agent. There was other evidence that authorized the jury to find that the document was in possession of the plaintiff, and that it was within its power to produce it. Under the facts of the case, we think that the document was material and relevant upon the disputed issues of fact; that· the written promise to buy was "more certain and satisfactory

evidence" than the oral testimony introduced; and that the plaintiff, although having the power to produce the more certain and satisfactory evidence, relied on evidence "of a weaker and inferior nature." The cases cited in behalf of the defendant in error are distinguished by their facts from this case.

The other two special grounds of the motion for new trial, based upon alleged errors of commission and omission in the charge of the court, show no cause for a new trial; and the general grounds are not now considered.

*Judgment reversed.* *MacIntyre and Gardner, JJ., concur.*