31106. BROWN *v.* WHITE.

DECIDED FEBRUARY 14, 1946.   REHEARING DENIED MARCH 6, 1946.

526

*S. T. Allen, Robert B. Blackburn,* for plaintiff.

*W. S. Northcutt,* for defendant.

PER CURIAM. Assuming, but not deciding, that the plaintiff may sue on the contract, we are of the opinion that the sustaining of the demurrer was correct. We think that the only reasonable interpretation of the petition is that it declares upon the written contract attached to the petition. It so states. See paragraph 7 of petition. The petition does not otherwise allege any basis of liability on the part of J. W. White, a purchaser, to pay a broker a commission for a sale made under a contract with a seller. The contract is not one based on the broker's having obtained a purchaser, ready, able, and willing to purchase on terms made by a seller. Simplified, the action is one on the alleged agreement of the buyer to pay the commissions in the event he defaulted in the consummation of the contract of sale. "Default," as used in this contract, means to fail to fulfill a valid and binding obligation. Meadows *v.* Continental Assurance Co., 89 Fed. 2d, 256; School

District of City of Lansing *v.* Lansing, 260 Mich. 405 (245 N. W. 449). The word default here does not mean mere inability of the buyer to complete the contract. Early-Foster Co. *v.* Gottlieb, (Tex. Civ. App.) 214 S. W. 520. If the contract as between the seller and buyer is not a valid and binding contract capable of being enforced by both parties, there could be no breach of the contract by either. We think that the provision in the contract, "This contract made subject to purchaser obtaining necessary loan" of $5,400, renders it too indefinite to be enforceable as between the seller and buyer; and since there could be no default in failing or refusing to carry out an unenforceable contract, the purchaser would not be liable to the broker for "default" in consummating the contract. The buyer's undertaking was not merely to endeavor in good faith to obtain a loan. The condition was absolute that a loan must be obtained before the contract would be carried out. It is not specified in the contract on what security the loan should be obtained, nor at what interest rate, nor when the principal should be due. Neither does it appear that the buyer could have obtained on reasonable terms the necessary loan on the property described in the contract or on other property. We think that the ruling in *Southeastern Realty Co.* v. *Griffin,* 38 *Ga. App.* 220 (143 S. E. 435), is controlling in this case. The liability here must be determined by the validity of the contract between the seller and the buyer. *Adams Loan &c. Co.* v. *Dolvin Realty Co.,* 48 *Ga. App.* 183 (172 S. E. 606).

The court did not err in sustaining the general demurrer to the petition, and in dismissing the action.

There being a dissent, the case was passed on by the court as a whole under the provisions of the act of 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Broyles, C. J., Sutton, P. J., MacIntyre, Fellon, and Gardner, JJ., concur.*

PARKER, J., dissenting. However much I dislike to dissent, I am unable to agree with my esteemed associates in this case. They hold that the action is based on the written contract of sale signed by the seller and the buyer; and that, because of its indefiniteness, the trial court properly sustained the general demurrer and dismissed the action. A copy of the writing is attached as an exhibit to the petition, and it is made a part thereof, but

there is no express allegation that the action is based on the writing. Counsel treat the case as a suit on the written contract, but it makes no difference what the parties or their counsel may call a particular action. "The nature of an action is not determined by the designation of the pleader. It is, in fact, immaterial by what name he calls his suit or whether he gives it any name at all. The character and classification of an action depends upon the intrinsic contents of the petition, its recitals of fact, the nature of the wrong sought to be remedied, and the quality of the remedy invoked." *Pennington* v. *Douglas &c. Ry. Co.*, 3 *Ga. App.* 665(2) (60 S. E. 485); *Malone* v. *Robinson*, 77 *Ga.* 719; *McNorrill* v. *Daniel*, 121 *Ga.* 78 (48 S. E. 680); *City of Albany* v. *Cameron & Barkley Co.*, 121 *Ga.* 794 (49 S. E. 798). I think that the action can be construed as a suit on the agreements and undertakings reached by the three parties—the seller, the buyer, and the broker—before the sale contract was reduced to writing. The three parties certainly agreed on the provisions evidenced by the writing before it was signed by the seller and the buyer. This court held in *Reid* v. *Morrison*, 31 *Ga. App.* 613 (121 S. E. 860), that a suit by a broker for commissions in a real-estate transaction *is not a suit upon the contract of sale* (Italics mine) between the owner and the purchaser; but is a suit on the contract, either express or implied, between the broker and his principal to pay commissions for services performed. In that case, the suit was against the owner and seller as the broker's principal, whereas the instant case is a suit against the buyer as the broker's principal. In this case, the broker was the agent of both the seller and the buyer, under a dual agency recognized by the three parties, and both the seller and the buyer were the broker's principals. The seller was subject to suit, by the broker as her agent, for the commission upon her failure to go through with the trade, under the holding in *Reid* v. *Morrison*, supra, and the buyer was likewise subject to suit by the broker as his agent for the commission when he failed to go through with the trade. The basis of a suit in either instance, that is, by the broker against the seller upon her default or by the broker against the buyer upon his default, is the same—the relation of principal and agent.

The case cited also points out that a broker may agree and undertake to procure a contract of sale for his principal, or his

undertaking may be to procure a purchaser ready, willing, and able to buy, and who offers to buy upon the terms stipulated by the owner. It seems to me that the allegations of the petition show that the effort and undertaking of the broker in this case was to procure a purchaser of the property, and that he did not undertake to procure a valid contract of sale. Therefore the sufficiency and definiteness of the contract of sale, which I think may be said to have been alleged merely by way of explanation and as an inducement, was wholly immaterial.

It is the duty of this court to construe the petition in a way that will sustain, and not defeat the action, if this can reasonably be done; and it is well-settled that, where a petition sets out a cause of action under any legal theory, it is good as against a general demurrer. *Hall* v. *John Hancock Mut. L. Ins. Co.,* 50 *Ga. App.* 625 (179 S. E. 183); *Yopp* v. *Johnson,* 51 *Ga. App.* 925 (181 S. E. 596); *Powell* v. *Nelson,* 52 *Ga. App.* 351, 354 (183 S. E. 348); *Wometco Theatres Inc.* v. *United Artists Corp.,* 53 *Ga. App.* 509, 511 (186 S. E. 572); *James* v. *Dayton Rubber Mfg. Co.,* 57 *Ga. App.* 511 (196 S. E. 298).

It is likewise well-settled that, "where however a petition is filed and the facts alleged are such as would be proper or adequate under either of two forms of action, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that he intended to serve his best interest and to declare in that form of action which would allow him the highest recovery permissible under that state of facts; or if to construe the pleadings as setting forth the transaction under one form of action would make it such that it might be upheld in the court in which it was filed, when otherwise it would not be, or would authorize a recovery when otherwise it would not, the courts will adopt the construction which will uphold the action and not defeat it." *Southern Express Co.* v. *Pope,* 5 *Ga. App.* 689, 697 (63 S. E. 809); *Wright* v. *Southern Ry. Co.,* 7 *Ga. App.* 542, 545 (67 S. E. 272); *Benjamin-Ozburn Co.* v. *Morrow Transfer Co.,* 13 *Ga. App.* 636, 639 (79 S. E. 753); *Dawson Cotton Oil Co.* v. *Kenan,* 21 *Ga. App.* 688, 692 (94 S. E. 1037); *Render* v. *Hartford Fire Ins. Co.,* 33 *Ga. App.* 716 (4) (127 S. E. 902). "Where a petition can be construed either as a suit in contract or as an action for a breach of duty arising out of the contract, the latter construction will be adopted." *Central*

*of Georgia Ry. Co.* v. *Chicago Portrait Co.*, 122 *Ga.* 11 (49 S. E. 727, 106 Am. St. R. 87); *Wall* v. *Wall*, 176 *Ga.* 757(2) (168 S. E. 893).

An oral contract for commissions on the sale of real estate is not prohibited by the statute of frauds. *Lingo* v. *Blair*, 32 *Ga. App.* 111 (122 S. E. 802). Construing the suit as an action upon the oral agreement between the plaintiff and the defendant, which preceded the written contract, whereby the defendant agreed to pay the commission to the plaintiff if he defaulted, under the rulings in *Reid* v. *Morrison*, supra, which were quoted, approved, and followed in *Knowles* v. *Haas*, 70 *Ga. App.* 715 (29 S. E. 2d, 312), and in *Steinmetz* v. *Draper-Owens Co.*, 71 *Ga. App.* 814 (32 S. E. 2d, 417), the petition alleged a good cause of action, and the general demurrer should have been overruled. Such construction is in line with the legal principles stated and is in harmony with the rule that "the rights of creditors shall be favored by the courts" (Code, § 28-102), and recognizes the principle that "the labourer is worthy of his hire." Luke 10:7.