## 70977. HANKINSON v. RACKLEY.
(341 SE2d 231)

POPE, Judge.

Plaintiff/appellee brought this action in trover (conversion) against defendant/appellant alleging defendant's wrongful conversion of certain objets d'art belonging to plaintiff. Plaintiff sought recovery in two counts of actual and punitive damages and attorney fees. Defendant brings this appeal from a jury verdict and judgment against him for $1,000 actual damages, $50,000 punitive damages, and $3,500 expenses of litigation and attorney fees.

The evidence of record shows that plaintiff's residence was burglarized on March 5, 1981. At that time over 200 antique porcelain and glass objets d'art from plaintiff's collection were stolen, including Boehm birds, Royal Doulton figurines, and several pieces of R. S. Prussia china. In the fall of 1981 some of the R. S. Prussia china was discovered being advertised for sale in a national magazine for collectors and dealers in such items by one Steve Pearce of Belton, South Carolina. Plaintiff eventually recovered all of these items from Pearce except one which was damaged, forming the basis for Count I of plaintiff's complaint seeking $1,000 in actual damages as well as punitive damages and attorney fees. Count II of the complaint sought $10,000 in actual damages plus punitive damages and attorney fees for the as-yet-unrecovered porcelain Boehm birds. Defendant admitted selling the R. S. Prussia china to Pearce for $2,000 in cash and a check for $725, but claimed no knowledge of the other items. Defend-

ant claimed he purchased the R. S. Prussia china at a flea market and, although he was a friend of the plaintiff and was familiar with his collection and knew of the burglary, did not inquire of plaintiff whether these items had been stolen from him.

1. Defendant's first enumeration cites as error the trial court's admitting as evidence the $725 check and a list of the Royal Doulton figurines taken in the burglary. As to the check, defendant objected on the grounds that it was hearsay and that no foundation had been laid for its admission as a business record. The record discloses that this check (drawn on the account of Steve Pearce and payable to "Robert Hanson" for "R. S. Prussia") formed a link in the chain of evidence which connected defendant to the alleged wrongful conversion of plaintiff's property. Therefore, the trial court did not abuse its discretion in admitting the check in evidence. See *Brown v. Matthews*, 79 Ga. 1 (4) (4 SE 13) (1887). See also OCGA § 24-3-2; *Bodrey v. Bodrey*, 246 Ga. 122 (2) (269 SE2d 14) (1980); *Floyd v. State*, 137 Ga. App. 181 (1) (223 SE2d 230) (1976); *School Boy Sportwear Corp. v. Cornelia Garment Co.*, 106 Ga. App. 99 (1) (126 SE2d 248) (1962). In any event, as defendant himself testified that he personally received the subject check as partial payment for the sale of the R. S. Prussia china and later endorsed same, any error in its admission in evidence was harmless. See *Martin v. State*, 44 Ga. App. 276 (5) (161 SE 371) (1931).

As to the list, the evidence shows that it was prepared by plaintiff at the request of the FBI some eight months after the subject burglary. The list was comprised only of the stolen Royal Doulton figurines and their respective values totaling more than $40,000. Although this list could possibly have been used by plaintiff to refresh his recollection while testifying at trial, we agree with defendant that the admission of the list itself into evidence was error. See *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468 (10) (287 SE2d 257) (1981). Nevertheless, the record discloses that this error did not harm defendant. In his complaint plaintiff did not seek recovery of damages from defendant for the loss of the Royal Doulton figurines; the list was thus merely collateral to the issues being tried. It is apparent from the jury's award of actual damages to the plaintiff ($1,000) that this list had no effect upon the verdict. This asserted error thus provides no ground for reversal. See *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966). See also *Walker v. Southeastern Stages*, 68 Ga. App. 320 (6) (22 SE2d 742) (1942).

2. Defendant's second enumeration of error challenges the trial court's charge to the jury of OCGA § 24-9-85 (b): "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." Defendant asserts that there is no factual

basis for this charge. Plaintiff counters this assertion by pointing to defendant's admission at trial that he lied to the FBI agent when questioned regarding the sale of the R. S. Prussia china to Pearce. This factual basis cited by plaintiff is insufficient to support the charge of OCGA § 24-9-85 (b) because the statements made by defendant to the FBI agent were unsworn. See *Abrams v. State*, 157 Ga. App. 609 (1) (278 SE2d 37) (1981). See generally *Fugitt v. State*, 251 Ga. 451 (1) (307 SE2d 471) (1983). However, "if a charge of a correct principle of law is not applicable to any issue made by the evidence, it is not necessarily harmful where a verdict is demanded by the evidence . . . 'An irrelevant charge will not cause a new trial, where it does not prejudice any right of the parties and is not likely to mislead the jury from the true issues of the case.'" *Parsons v. Grant*, 95 Ga. App. 431, 436 (98 SE2d 219) (1957). The evidence in support of the verdict in this case is overwhelming and uncontradicted. In this light the error complained of was harmless. See *Bransome v. Barton*, 154 Ga. App. 799 (5) (270 SE2d 55) (1980). See also *Rountree v. Todd*, 210 Ga. 226 (2) (78 SE2d 499) (1953).

3. In his third enumeration defendant assigns error to the following charge: "Where a party has evidence in his power and within his reach by which he may repel a claim or charge against him and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of weaker and inferior nature, a presumption [a]rises that the charge or claim is well founded. This presumption may be rebutted." See OCGA § 24-4-22. Defendant contends that there is no evidence of record to support this charge. We disagree. Defendant was unable to bolster his testimony that he purchased the R. S. Prussia china at the flea market by producing either receipts for same or the vendor from whom he allegedly made the purchase. He testified that he did not obtain a receipt at the time of his purchase, although to have done so would have been the usual practice. There is no evidence whatsoever as to the identity and/or whereabouts of the alleged vendor. Assuming arguendo that defendant did not have in his power the ability to produce this more satisfactory evidence in support of his defense, thus making the presumption of OCGA § 24-4-22 inapplicable to him (see *Brosnan v. Long*, 75 Ga. App. 837 (3) (44 SE2d 809) (1947)), the record also discloses that plaintiff failed to produce certain written indicia relating to the stolen items which would have supported his claims of ownership and/or value. There thus being some evidence to authorize the instruction here complained of, the trial court did not err in charging same. *Fountain v. Fuller E. Callaway Co.*, 144 Ga. 550 (2) (87 SE 651) (1916); see *Steinmetz v. Draper-Owens Co.*, 71 Ga. App. 814 (32 SE2d 417) (1944). See also *Eddie Parker Interests v. Booth*, 160 Ga. App. 15 (285 SE2d 753) (1981).

4. Defendant's fourth enumeration cites as error certain hearsay testimony of the FBI agent admitted over objection to explain the agent's conduct in investigating the $725 check. Defendant argues that under the holdings in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984), the evidence here objected to was not admissible under OCGA § 24-3-2 to explain the conduct of the agent. As noted in *Teague*, supra at 536, "[O]nly in rare instances will the 'conduct' of an investigating officer need to be 'explained,' as in practically every case, the motive, intent, or state of mind of such an officer will not be 'matters concerning which the truth must be found.' "

The $725 check was made payable to and endorsed by one Robert Hanson. The check was deposited to the account of one William Harn, who managed a drug store across the street from plaintiff's place of business. The testimony objected to at trial was the agent's recitation of what Harn told him as to how the check came into Harn's possession. The suspicious nature of Harn's story, which in no manner mentioned or implicated defendant, caused the agent to further discuss the matter with plaintiff who informed the agent that his friend, the defendant Charles Robert Hankinson, was an employee of the drug store and was also familiar with his collection. In our view, the testimony here complained of was properly admitted under OCGA § 24-3-2 as providing a necessary link in the chain of circumstances explaining why the agent ultimately interviewed the defendant during the course of his investigation of the theft of items from plaintiff's collection. "The trial court must be vested with considerable discretion in determining the admissibility of testimony of collateral matters [cit.], and if the testimony is relevant for any purpose directly or indirectly its admission is not error. [Cit.]" *Yale & Towne, Inc. v. Sharpe*, 118 Ga. App. 480, 488 (164 SE2d 318) (1968). In any event, defendant's subsequent admissions concerning the check render any error harmless. See Division 1, supra.

5. Defendant's fifth enumeration assigns error to the trial court's enforcement of a subpoena requiring his appearance at trial which failed to include a prior tender of witness fees and mileage pursuant to OCGA § 24-10-24. Service of the subpoena was made upon defendant's counsel approximately one week prior to trial. See OCGA § 24-10-23. The record indicates that prior to trial defendant's counsel orally moved to quash the subpoena for failure to tender witness fees and mileage because defendant was at that time residing in Charleston, South Carolina. The trial court ruled that the failure to tender the witness fee did not invalidate the subpoena.

OCGA § 24-10-24 provides that payment of witness fees "shall not be demanded as a condition precedent to attendance" unless the witness resides outside the county where his testimony is to be given.

In his answer to the complaint defendant admitted he resided in Fulton County where this suit was brought. In response to plaintiff's subsequent interrogatories defendant swore that at that time all statements in his answer were true and correct. There is nothing of record to indicate that defendant made any attempt to inform plaintiff (or that plaintiff otherwise knew) that defendant no longer resided in Fulton County until his counsel so informed plaintiff's counsel upon service of the subpoena. Under these circumstances, we find no error in the trial court's enforcing the subpoena. See also OCGA § 9-11-26 (e) (2) (B), which requires a party to seasonably amend a prior response to discovery where "[h]e knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment."

6. In light of our holding in Division 1 of this opinion, defendant's sixth enumeration of error presents no ground for reversal.

7. The evidence of record sufficiently establishes a basis for plaintiff's opinion as to the market value of the objets d'art in the subject burglary. See OCGA § 24-9-66.

8. Defendant's request to charge on recent possession of stolen property is not adjusted to the issues raised by the evidence. Whether defendant himself was the burglar of plaintiff's residence was not at issue in this case. Accordingly, defendant's final enumeration of error is without merit. See generally *Keno v. Alside, Inc.*, 148 Ga. App. 549 (5) (251 SE2d 793) (1978); *King v. Ellis*, 104 Ga. App. 335 (2) (121 SE2d 815) (1961).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JANUARY 22, 1986 —
REHEARING DENIED FEBRUARY 10, 1986.

*Alan Eisenstein*, for appellant.
*F. Carter Tate, Jay E. Loeb*, for appellee.