**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 22, 2022**

# In the Court of Appeals of Georgia

A22A0764. HODGE v. PARLOR.

LAND, Judge.

On appeal from the trial court's orders[1] granting appellee Jeffrey Parlor's motion to enforce a compromise settlement agreement, appellant Joseph Hodge argues that the express terms of Hodge's settlement offer were not met, that there was no meeting of the minds regarding the settlement offer and terms of acceptance, and that the arrival of the settlement check after the date demanded was fatal to the settlement agreement. We disagree and affirm.

---

[1] The trial court granted appellee's motion to enforce a compromise settlement agreement on March 15, 2021 , and entered a final judgment on the motion on November 22, 2021.

A trial court's order on a motion to enforce a settlement agreement is reviewed de novo. (Citation omitted.) *Yim v. Carr*, 349 Ga. App. 892, 900 (2) (827 SE2d 685) (2019).

> [T]o succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [a]ppellant's case. Thus, we view the evidence in a light most favorable to the nonmoving party.

(Citation omitted.) Id.

So viewed, the evidence shows that on October 12, 2019, while driving his vehicle westbound on Highway 96 in Houston County, Parlor made a left turn into an intersection and collided with Hodge, who was traveling eastbound on his motorcycle on the same highway. Hodge was ejected from his motorcycle and transported to the hospital to be treated for his injuries from the crash. Hodge filed suit against Parlor for personal injuries on October 28, 2019. Shortly thereafter, on November 6, 2019, Hodge's counsel mailed a demand letter to Parlor's insurance company, Farmers Insurance Company/Mid-Century Insurance Company ("Farmers"), which stated in relevant part:

We want to get this case settled but there is no way that we are going to settle for less than the policy limits of *$50,000.00*, moreover, I am going to have to put a time limit on our offer to settle for that sum[.] Therefore, please consider this letter as notice that our offer to settle for the full amount of your policy, in exchange for a limited release, that will remain open for seven (7) days from the delivery of this letter[.] At the expiration of seven (7) days, if delivery of the same is not in our office by *5:00 pm on November 14, 2019*, our offer to settle within the policy limits will be withdrawn and we will have to proceed to trial.

On November 11, 2019, Hodge received a response letter from Farmers stating:

By this letter, Mid-Century Insurance Company unconditionally and unequivocally renders it's [sic] limits of $50,000.00 on behalf of the insured Jeffrey Parlor.

We will forward a settlement check in the amount of $50,000.00 which represents the tender of the available per person limits under the applicable liability policy to our defeans [sic] counsel, Evan Merest [sic]. Mr. Merest will be in touch regarding the Limited Liability Release.

That same day, Farmers forwarded to Parlor's counsel a settlement check in the amount of $50,000.00, made payable to Hodge and his counsel, stating that the check "resolv[es] the above matter for Joseph Hodge." However, the settlement check was not sent to Hodge's counsel until several days later. On November 19, Hodge's

3

counsel informed Farmers that "due to Farmers Insurance [sic] failure to comply with the terms of our time limited demand our client has withdrawn his offer to settle within the Defendant's policy. We will now continue with discovery." Hodge's counsel did not specify with which terms of the demand Farmers had failed to comply.

On November 21, Parlor's counsel, in accordance with Farmer's instructions, forwarded the settlement check for $50,000.00 to Hodge's counsel. On December 6, Hodge's counsel returned the check to Parlor's counsel with the explanation that Hodge's settlement offer had already been rescinded "for failure to fully comply the terms [sic] set out in our time limit demand."

On December 18, Parlor filed a motion to enforce the settlement agreement, and after oral argument, the trial court issued an order granting Parlor's motion. The parties continued to disagree over finalizing the settlement agreement, and in July 2021, Parlor filed a motion for sanctions. Parlor's motion for sanctions was denied, but the court issued an order of final judgment as to enforcement of the compromise settlement agreement in favor of Parlor. This appeal followed.

1. Hodge contends that there was no meeting of the minds regarding the settlement offer and terms of acceptance, and that the express terms of his settlement

4

offer were not met. Specifically, Hodge argues that the portion of the settlement offer stating that "if delivery of the same is not in our office by **_5:00 pm on November 14, 2019_**, our offer to settle within the policy limits will be withdrawn" required Farmers to deliver payment of $50,000.00 to the office of Hodge's counsel on or before 5:00 pm on November 14, 2019 to create a binding settlement agreement. We disagree.

"Settlement agreements are subject to the same requirements of formation and enforceability as other contracts." (Citations and punctuation omitted.) *Progressive Mountain Ins. Co. v. Butler*, __ Ga. App. __, at __ (2) (Case No. A22A0322, decided June 22, 2022). Accordingly, "an agreement to settle a pending dispute is formed only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." (Citation omitted.) Id. "When an offer to settle has been extended, an answer to the offer will amount to an acceptance only if it is unconditional and identical with the terms of the offer." (Citation and punctuation omitted.) Id. A settlement offer may be accepted "either by a promise to do the thing contemplated therein, or by the actual doing of the thing." (Citation omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 699 (446 SE2d 199) (1994). "The offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made; or if it calls for an act, it can be accepted only by the doing of the act."

5

(Citation omitted.) Id. However, "[t]he law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." (Citation and punctuation omitted.) *Cumberland Contractors, Inc. v. State Bank and Trust Co.*, 327 Ga. App. 121, 127 (3) (755 SE2d 511) (2014). "In determining if parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an objective theory of intent[.]" (Citation and punctuation omitted.) *Yim v. Carr*, 349 Ga. App. at 904 (2). When applying this theory, "one party's intention is deemed to be that meaning a reasonable person in the position of the other contracting party would ascribe to the first party's manifestations of assent." Id.

While Hodge could have specified that acceptance of the settlement offer required the delivery of a check to his counsel before November 14, he did not. Hodge's settlement offer first presented the settlement amount demanded: "there is no way that we are going to settle for less than the policy limits of *$50,000.00*." Hodge then stated that there would be a "time limit" on the "offer to settle for that sum." Finally, Hodge stated that the letter should be considered as "notice that our offer to settle for the full amount of your policy, in exchange for a limited release, that will remain open for seven (7) days from the delivery of this letter"; and that the offer

6

would be withdrawn "if delivery of the same is not in our office by **5:00 pm on November 14, 2019**."

Hodge argues that "delivery of same" meant delivery of payment, but the only payment provision in Hodge's settlement offer is to the amount of payment. Hodge refers to historical uses of the phrase "delivery of same" to bolster his argument that "same" should be understood as "payment," but the cited cases instead show that the phrase is commonly used to refer back to a subject identified earlier in the sentence or paragraph. See, e. g*., Anderson v. Baker*, 1 Ga. 595, 595 (1846) ("To constitute a valid parol-gift *of a chattel*, there must be an immediate *delivery of the same*") (emphases supplied); *Brown v. White*, 73 Ga. App. 524, 525 (37 SE2d 213) (1946) ("Petitioner shows further that the said Mildred Rice Sagal was at all times at the *signing of the contract of sale* . . . after the *signing of the same* by Mrs. Mildred Rice Sagal and after the *delivery of the same* . . . ") (emphases supplied). However, Hodge's settlement offer refers only to the *agreement* to settle for the fully policy limits, and therefore, "delivery of same" cannot refer back to any required deadline for payment of the settlement amount. As such, a reasonable person in Farmers' position would have understood that "delivery of same" referred back to the "offer to settle" used earlier in the letter, and that the offer required an acceptance of

7

Hodge's settlement offer within seven days, not the delivery of payment. Accordingly, there was no requirement in Hodge's settlement offer that payment be delivered on or before 5:00 pm on November 14, 2019.

Farmers' November 11 response, which "unconditionally and unequivocally" accepted Hodge's settlement offer, was sent within the seven-day time frame for acceptance. The additional information that Farmers included in the letter, including that a check would be forwarded to Parlor's counsel and that he would be in touch regarding the release agreement, did not impose any additional conditions and did not convert the acceptance into a counteroffer. See *Progressive Mountain Ins. Co.*, __ Ga. App. at __ (2) (letter was not a counteroffer where additional instructions were "purely informational and did not impose any additional conditions"). Thus, the required offer and unconditional acceptance were present, and a binding settlement agreement was created. See e. g., id. (counsel's letter unconditionally accepting insurers's offer to settle claims for $17,500 created binding settlement agreement); *Turner v. Williamson*, 321 Ga. App. 209, 213 (2) (738 SE2d 712) (2013) (binding settlement agreement formed where insurance-claims handler's written and oral communications showed unequivocal acceptance of an offer to settle for insurance policy limits in exchange for execution of statutory release form)*; Vildibill v. Palmer*

*Johnson of Savannah, Inc.*, 244 Ga. App. 747, 749 (1) (536 SE2d 779) (2000) (letter accepting offer to settle for specific dollar amount in return for "any release you deem appropriate" created a binding settlement agreement); *Herring*, 213 Ga. App. at 698-699 (attorney's letter accepting plaintiff's offer to settle claims for $15,000 in exchange for full and final release created binding settlement agreement).

2. Hodge also argues that the arrival of the settlement check after the date demanded was fatal to the settlement agreement. As explained above, the settlement offer only required acceptance of the offer by the date demanded, not delivery of payment. Because a party's "failure to tender payment of the settlement amount bears on [the party's] performance of the settlement agreement, not its existence or validity," this contention fails. *Progressive Mountain Ins. Co.*, __ Ga. App. at __ (3). Accordingly, the trial court did not err.

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*